ELIZABETH L. DONALDSON

*v.*

JAMES DUNCAN.

*Opinion filed October 25, 1902.*

1. PARTITION—*court cannot arbitrarily remove commissioners and appoint others.* Section 20 of the Partition act, providing that one or more of the commissioners may, before final confirmation of their report, be removed and others appointed in their stead, does not justify the removal of such commissioners without cause.

2. SAME—*what not ground for removing commissioners.* If the defendant to partition allows a decree by default and makes no objection to the court's appointing three commissioners named by the complainant until after the commissioners had made their report, it is not ground for the removal of two of them that they were not "supposed to have" adequate knowledge of land values in the neighborhood of the premises.

APPEAL from the Circuit Court of Madison county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is an appeal by Elizabeth L. Donaldson from the circuit court of Madison county, to reverse a decree

there rendered in a partition proceeding by her against James Duncan to divide a tract of land containing one hundred and fifteen acres, adjoining the city of Alton, in which she owned a one-fourth interest, defendant being the owner of the remaining three-fourths. The defendant was served with summons, but failing to file an answer a decree for partition was entered against him by default. Three commissioners were appointed to make partition, and they divided the land by setting off to the complainant in severalty 19.93 acres and to the defendant the remainder of the lands. Upon presenting their report to the court, but before it had been approved, the defendant, by his counsel, filed a motion asking that the decree of partition be modified so as to appoint two other commissioners in place of two of the three first appointed. The reasons given for the motion were set out in an affidavit, and were, in substance, that neither the defendant nor his counsel was consulted when the first commissioners were appointed; that two of the commissioners were not residents of Alton, and "not supposed to have that acquaintance with land values in the neighborhood of said premises as those living near by." Complainant filed an answer to the motion to remove the commissioners, in which it was alleged that before the decree of default was taken, the defendant, by his counsel, stated, "We have concluded not to file an answer and will not appear; go ahead and take your decree;" that when the decree was actually taken, defendant's counsel was notified; that counsel for complainant, at the request of the court, suggested the names of the three commissioners appointed, and that it was not known to complainant's solicitor until after the division had been made, that counsel for defendant desired to suggest the names of any of the commissioners; that the defendant was on the premises at the same time the commissioners were viewing them, and made no objection until their report was filed. This answer was supported by affidavit.

The court removed the two commissioners to which objection had been made. Two other commissioners were then appointed. The commissioners last appointed reported that the premises were not susceptible of division or partition without manifest prejudice to the parties interested, and fixed the value of the land at $13,000. Complainant filed a number of exceptions to this report and filed a petition asking that the premises be platted, and also, in case of sale, that the court appoint a disinterested person as a special commissioner to make said sale, alleging that the master in chancery was disqualified therefor, for the reason that he is a member of the firm of Travous, Warnock & Burroughs, solicitors for the defendant. No answer was filed by the defendant to this petition, but the court heard the testimony of a number of witnesses and ordered a sale of the premises in conformity with the report and recommendation of the commissioners. From that decree the complainant appeals.

W. R. DONALDSON, Jr., and E. C. SPRINGER, for appellant.

C. N. TRAVOUS, and GEO. D. BURROUGHS, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant insists, first, that the court erred in failing to confirm the report of the commissioners making partition, and in removing two of those commissioners and appointing others. The statute (Hurd's Stat. 1899, chap. 106, p. 1255,) provides that any person interested in lands as a joint tenant, tenant in common, etc., may compel a partition thereof by bill or petition in chancery; that the petition shall pray for "the division and partition of the premises according to the respective rights of the parties interested therein, or that if a division and partition of the same cannot be made without manifest prejudice to the owners, a sale thereof shall be made, and the pro-

ceeds divided according to the respective rights of the parties." (Sec. 5.) Section 16 provides: "The court, when it shall order a partition of any premises to be made, under the provisions of this act, shall appoint three commissioners, not connected with any of the parties, either by consanguinity or affinity, and entirely disinterested, to make partition of the premises." The commissioners were so appointed. They took the required oath, went upon the premises and made partition in conformity with sections 17 and 18 of the same statute. The latter section is as follows: "The commissioners shall go upon the premises, and if the same are susceptible of division they shall make partition thereof, allotting the several shares to the respective parties, quality and quantity relatively considered, according to their respective rights and interests as adjudged by the court, designating the respective shares by metes and bounds, or other proper description, and they may employ a surveyor with necessary assistants to aid therein; and if the premises are not susceptible of division without manifest prejudice to the parties in interest, they shall value each piece or parcel separately."

It thus appears that the primary duty of the commissioners is to make partition, and that the land is only to be sold when partition cannot be made without manifest prejudice to the parties in interest. The commissioners first appointed divided the lands and made a report of their partition to the court. The motion which was then made to remove two of the commissioners and appoint others in their stead was not made upon the ground that they were not qualified, under the provisions of the statute, to make partition, or that they were guilty of any improper conduct, or that they acted unfairly or arbitrarily in the discharge of their duties, nor was it contended that the division made by them was manifestly to the prejudice of the parties in interest. Whether or not counsel for defendant were consulted in the selection

of the commissioners was not of controlling importance.
They were appointed by the court. It may be conceded
that the court requested counsel for complainant to name
the commissioners, but the appointment was no less the
act of the court. The statement made in the motion that
the two commissioners objected to were not residents of
the city of Alton, and were not "supposed to have" ade-
quate knowledge of land values in the neighborhood of
the premises, was not, of itself, a sufficient cause for re-
moving the commissioners. This falls far short of say-
ing that they had not such knowledge. That they were
not residents of the immediate neighborhood may have
been a good reason for their appointment. And even if
the commissioners were not informed as to the values
of the land to be divided, by reason of the surrounding
property, etc., it was their duty to inform themselves
in that respect before making their report. Nothing
appears in this record, however, from which it can be
inferred that they lacked any of the qualifications pre-
scribed by the statute or the knowledge necessary to en-
able them to make a just and fair division. Nor does the
fact that the statute says the commissioners shall be at
all times subject to the direction of the court, justify
the removal of the commissioners without cause. Good
reasons might appear for the appointment of new com-
missioners, but it will not be contended that the statute
vests in the court the authority to act arbitrarily or with-
out apparent reason in removing commissioners. We are
satisfied the court, upon appellee's own showing, should
have overruled his motion to remove two of the commis-
sioners first appointed. .

This view of the case renders it unnecessary to discuss
other questions raised upon the record. After a careful
examination of the record and the testimony introduced,
we are unable to see wherein the report of the first com-
missioners was not a compliance with the provisions of
the statute, or wherein a partition made by them was not

a fair and impartial division of the lands between the respective tenants in common, and are of the opinion that the chancellor erred in refusing to confirm that report and in removing two of the commissioners and substituting others; also, that the report of the second commissioners was not justified by the facts, as they appeared upon the objections to the confirmation of that report. Viewing the land as valuable for manufacturing purposes, as some of the witnesses considered it, the part allotted to appellant was about one-fourth of the railroad frontage. If its value is only that of farm lands, as many of the witnesses for appellee stated, it is difficult to perceive why a tract of one hundred and fifteen acres, situated as the evidence shows this to be, owned by two parties, the interest of one being one-fourth, only, may not be divided. Others of appellee's witnesses stated that it would not be fair to divide this tract into four equal parts. That may be true, but the commissioners were not required to so divide it. The statute says they shall allot to the several owners their shares, "quality and quantity relatively considered." The whole tract in controversy contained about fifty acres of high land and sixty-five acres of medium or low land subject to overflow, and the parts allotted to the two owners each contained high and low land. The part allotted to appellant was hardly one-sixth of the whole, but it is evident that the first commissioners took into consideration the relative value of the two kinds of land, the railroad frontage, highway frontage, etc.

The decree of the circuit court will be reversed and the cause remanded, with directions to that court to proceed in conformity with the views herein expressed, the appellee to pay all costs occasioned by his motion in the court below and of this appeal.

*Reversed and remanded.*