ANNA PIPER, Appellee, *vs.* ALLEN H. PIPER *et al.* Appellants.

*Opinion filed December 17, 1907.*

PARTITION—*when a decree is final—effect where appeal is not perfected therefrom.* A decree in a partition proceeding which settles the rights of the parties except as to the question whether the premises are susceptible of partition is final, and if no appeal therefrom is perfected the findings of the decree cannot be questioned upon appeal from a subsequent decree approving the report of the commissioners and ordering a sale of the premises. (*Crowe* v. *Kennedy,* 224 Ill. 526, followed.)

APPEAL from the Circuit Court of Richland county; the Hon. P. A. PEARCE, Judge, presiding.

Howard Piper and Anna Piper were married in 1877 and lived together, except for the slight interval hereinafter mentioned, for about thirty years. During the first part of this time they were in very moderate circumstances, but about 1898 he inherited a considerable sum of money,—some $65,000,—from a relative in California. In June, 1902, the wife filed her bill for divorce, charging habitual drunkenness and that he associated with immoral women and had contracted a disease therefrom. It appears that at

the time of filing this bill the two were living on a farm, occupying the same house, but it was testified to that for about two weeks they had not been occupying the same room. On June 23, 1902, both parties came to town and a separation was agreed upon, Mr. Piper paying his wife $11,000 and Mrs. Piper signing an agreement whereby she released, quit-claimed and conveyed to her husband all the right, title and interest she then had or which might accrue in the future, as the wife of said Piper or otherwise, in and to every interest in his real and personal estate then possessed by him or thereafter acquired, except such as had been purchased with her money. The bill for divorce was also dismissed. This agreement was signed in the early part of the afternoon. Along toward evening of the same day Piper hunted up his wife and a reconciliation was effected. They went back home together, commenced occupying the same room, and lived together in comparative harmony, so far as the record shows, until his death. Lidle, Mrs. Piper's son, who transacted much of his step-father's business; Knopf, a banker, who also advised Piper in business matters; Higgins, proprietor of a saloon where Piper often drank, and Emma Ritchey, Piper's cousin, all testified, in substance, that Piper told them the post-nuptial contract had been done away with and was destroyed; that it was no longer in force; that he and his wife were living together just as they were before. The couple moved to Olney, where Piper died February 25, 1907, leaving no children nor descendants thereof. A considerable portion of his estate was in real property, of which the widow claims half by virtue of descent, together with dower and homestead in the other part. The heirs-at-law, his five brothers and sisters, claim that the agreement is still binding and that they are the owners of all of said real estate under the Statute of Descent.

Appellee commenced partition proceedings in the circuit court of Richland county March 9, 1907. The defendants

answered, admitting that Mrs. Piper was the owner of an undivided one-half of part of the real estate described in the bill, which she had acquired prior to the death of her husband, but denying that she had any interest in the real estate left by her husband. They also filed a cross-bill asking that all of the real estate left by him be partitioned among them as heirs-at-law. Appellee answered the cross-bill, claiming that the post-nuptial agreement had been canceled. The court, after a hearing, dismissed the cross-bill and entered a decree of partition finding appellee entitled to one-half of the real estate left by her husband and dower and homestead in the other half, besides a certain interest not derived by descent from her husband, and that the defendants each owned one-fifth of the remaining portion. This decree was entered June 25, 1907. The commissioners appointed to make partition reported that they had set off a portion of the premises to appellee and that the remainder was not susceptible of division. On July 15 the court entered a decree approving the report of the commissioners, fixing the solicitor's fees and ordering sale of the premises not susceptible of partition, by the master.

GEE & BARNES, T. A. FRITCHEY, and H. T. DEWHIRST, for appellants.

H. G. MORRIS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first decree in this case was entered on June 25, 1907. It found the interests of all the parties and ordered partition and appointed commissioners. It settled all the rights of the parties except as to the mere matter of detail as to whether the property was susceptible of partition, and hence must be held to be a final and appealable decree. The prayer for appeal appears to have been entered and granted as to this decree, but the record shows that the

appeal was only perfected and taken from the decree entered July 15, which approved the report of the commissioners and ordered sale of that portion of the property not susceptible of partition, the appeal bond specifically stating that the appeal was from the decree entered July 15, 1907. The assignments of error chiefly relied on have reference to the findings of the decree of June 25. Some of them, it is true, have reference to the decree of July 15 specifically, but the findings complained of in this last decree (except as to the amount of solicitor's fees) are simply repetitions of the former findings of the decree of June 25. That decree finally adjudicated the rights of the parties, and as this appeal is only from the decree of July 15, the findings under the final decree of June 25 cannot be reviewed under it. The authorities on this question were discussed at length in *Crowe* v. *Kennedy,* 224 Ill. 526, and the decision in that case must control here.

Appellants contend that by reason of part of the land being set off to Anna Piper and the remainder sold, the decree makes them pay more than their share of the costs and solicitor's fees, even though (which they do not admit) the costs and fees should be apportioned among the parties according to their respective interests. The point is not well taken. The decree provides that the master shall bring the proceeds of sale into court for further order as to distribution. The amount still coming to appellee out of such proceeds will evidently amply cover her share of the costs and solicitor's fees, and the trial court, in directing the distribution of such proceeds, can see that the portion which appellee pays is based on her whole share in the real estate,—that which was set off to her as well as her part of that which was sold.

The decree of the circuit court will be affirmed.

*Decree affirmed.*