HATTIE L. LANTZ *et al.* Appellees, *vs.* MARGARET L. LANTZ *et al.* Appellants.

*Opinion filed December 17, 1913.*

PARTITION—*findings of a partition decree cannot be reviewed on appeal from a decree of sale.* A partition decree which settles the interests of the several parties and appoints commissioners to make partition is a final decree, from which dissatisfied parties must at once appeal without waiting for the decree of sale, as an appeal from the decree of sale does not bring up for review the findings of the partition decree.

APPEAL from the Circuit Court of Shelby county; the Hon. J. C. McBRIDE, Judge, presiding.

CHAFEE & CHEW, for appellants.

WILLIAM H. CRAIG, and RICHARDSON & WHITAKER, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Shelby county by the appellees for the partition of certain real estate described in the bill. The circuit court entered a decree ordering a partition. The commissioners appointed found the premises not susceptible of division and a decree of sale was entered by the court. This appeal was taken from this last decree.

A stipulation was filed to the effect that the rights and interests of the parties were correctly set forth in the original and supplemental bills and the several answers. From these the following facts appear: The property in question is in Shelbyville and improved by a brick building worth some $20,000, and was originally owned by Charles P., Isaac S. and William H. Lantz as tenants in common, in equal parts. William H. Lantz died testate about November 23, 1905, leaving his widow, Rachel Lantz, and

six children. By his will he devised to his widow, "for and during the term of her natural life or so long as she shall remain my widow," his one-third interest in the real estate in question. The will further stated: "And it is expressly my will that on the death or re-marriage of my said wife all of my said real estate above described, and interest therein, descends at once to my children in equal parts, share and share alike." On October 18, 1910, John S. Lantz, one of the sons of said William H. Lantz, died intestate, leaving no child or children or descendants thereof, but leaving appellee Hattie L. Lantz his widow, and leaving his mother and four sisters and one brother as his only heirs-at-law. During the pendency of these partition proceedings the other son of William H. Lantz died, leaving a will, whereby he devised all his estate to his widow. Rachel Lantz, the widow of William H. Lantz, is living and has not re-married.

Practically the sole contention of appellants is, that under the language of the will of said William H. Lantz the right of his devisees to have partition of their interests in the land in question was postponed until such time as his widow should depart this life or re-marry, and that partition proceedings will not lie at the suit of any owners claiming under said will until one or the other of those events happens.

The decree of partition was entered on June 11, 1913, and the decree of sale was entered the following day. The appeal was from the decree of sale, only. All of the assignments of error, except one, questioned the decree of partition and not the decree of sale, and the arguments in the brief question only the former decree. It is clear that if the court rightly entered the decree of partition, finding the interests of the parties and appointing commissioners, necessarily the decree of sale was properly entered upon their report (which was not excepted to) that the property was not susceptible of partition. The only assignment of

error as to the decree of sale was that the chancellor erred in granting it upon the report of the commissioners. In a long line of decisions this court has held that a decree of partition fixing the rights of the parties is a final decree settling the merits of the controversy. In *Jackson* v. *Jackson,* 144 Ill. 274, it was held that a decree in a suit for partition which found the several interests of the parties and appointed commissioners was a final decree, though no partition was ever made. In *Rhodes* v. *Rhodes,* 172 Ill. 187, the authorities were reviewed at some length, and it was held that a partition decree which settled the rights of the parties and appointed commissioners to make partition was a final and appealable order, and that dissatisfied parties should appeal at once and not wait until after sale and appeal from the decree confirming the sale and ordering distribution. In *Glos* v. *Clark,* 199 Ill. 147, a similar rule was laid down. In *Crowe* v. *Kennedy,* 224 Ill. 526, wherein an appeal had been taken from the decree ordering a sale by the master, as in this case, it was held such appeal did not bring up the decree of partition. This rule was approved by this court in *Piper* v. *Piper,* 231 Ill. 75. After a review of the authorities on the question, this court, in *DeGrasse* v. *Gossard Co.* 236 Ill. 73, and *Drummer Creek Drainage District* v. *Roth,* 244 id. 68, approved this rule. Under these authorities the findings in the original decree of partition in this case, finally adjudicating and fixing the rights of the parties, cannot be reviewed on this appeal from the decree of sale.

The decree of the circuit court appealed from in this case must therefore be affirmed.         *Decree affirmed.*