(No. 10250.—Demurrer to pleas sustained.)

WILLIAM R. WARD et al. Defendants in Error, vs. GUY WILLIAMS et al. Plaintiffs in Error.

*Opinion filed April 19, 1917.*

1. APPEALS AND ERRORS—*pleas of release of errors are governed by same rules as other pleadings.* The suing out of a writ of error is the beginning of a new suit, and when pleas of release of errors are filed to such action they are governed by the same rules as apply to other pleadings, and all intendments are to be taken most strongly against the pleader.

2. SAME—*action of guardian in accepting benefits of decree for ward will not operate as a release of errors.* A guardian cannot, without the authority of the proper court, consent to the entry of a decree involving the ward's title to real estate, and his action in acquiescing in the decree and accepting the benefits thereof for the ward will not operate as a release of errors. (*Hempstead* v. *Broad,* 275 Ill. 358, followed.)

3. SAME—*when a plea of release of errors is not good.* A plea of release of errors averring that a ward, after becoming of age, acquiesced in a decree involving his title to real estate by demanding a settlement from his guardian is not good, where it is not alleged that the ward ever received any of the proceeds of the decree or that he made the demand for the settlement with knowledge of the facts regarding the source from which the guardian received the money.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. P. A. PEARCE, Judge, presiding.

W. P. SEEBER, and D. G. THOMPSON, for plaintiffs in error.

KNAPP & CAMPBELL, W. H. HART, ROYAL B. CUSHING, and GEORGE B. GILLESPIE, for defendants in error.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This is a writ of error to review a decree of the circuit court of Franklin county entered at the May term, 1904, in a suit for partition in which William R. Ward,

Robert R. Ward, Parlee Baxter, Luke Baxter and Jesse T. Baxter, Jr., were complainants, and Guy Williams, Pearl Williams, Harry Williams, W. E. Mabry, J. M. Strain and Jane Cypher were defendants. The suit was for partition of about 993 acres of land situated in sections 1, 10, 12, 13, 14, 15, 18, 23, 24 and 30, in township 5, south, range 3, east, in Franklin county, and in section .36, in township 4, south, range 2, east of the third principal meridian, in Jefferson county. The land in question was owned by Jesse T. Baxter, Sr., at the time of his death, as alleged in the bill of complaint. Plaintiffs in error were made defendants as his grandchildren and heirs-at-law. The transcript of record of the lower court was filed in the office of the clerk of this court on August 23, 1915, with an assignment of errors thereon by Guy, Pearl and Harry Williams, plaintiffs in error in this case. Their co-defendants in the lower court did not appear and join in the assignment of errors, and at the October term, 1915, defendants in error, who were the complainants in the court below, entered their motion to dismiss the writ of error for various reasons assigned in their motion and pleadings filed at that term. At the same term the plaintiffs in error entered their motion for a severance of the parties named as co-defendants with them in the court below, and for leave on the part of Guy Williams to prosecute the writ of error in behalf of his brothers, Harry and Pearl Williams, as their next friend, for the reason they were minors and their guardians refused to participate in the proceedings in behalf of their wards. The death of Jane Cypher was also suggested and her heirs made parties defendant to the writ of error. The motion to dismiss the writ of error was denied, as was also the motion for severance, and leave was granted to Guy Williams to prosecute the writ of error in behalf of his brothers, Pearl and Harry Williams. (*Ward* v. *Williams,* 270 Ill. 547.) Service was subsequently had on all parties, an order of severance was entered, and three special pleas

of release of errors were filed by the defendants in error. Plaintiffs in error demurred to each of these pleas, but subsequently withdrew their demurrer to the third plea and filed a replication thereto. Defendants in error demurred to the replication, and plaintiffs in error now insist the third plea is bad, and ask to have the demurrer to the replication carried back and sustained to it. The sole question presented at this time is the sufficiency of these pleas to bar plaintiffs in error from a further prosecution of this writ of error.

It appears from the record that at the time the decree of partition was entered, plaintiffs in error, Guy, Pearl and Harry Williams, were minors. The ground relied upon as constituting a release of errors is the acceptance of the benefits of the decree by the plaintiffs in error through their respective guardians. The first plea alleges "that subsequent to the time the said decree was rendered, and prior to the time of the issuing of this writ of error, they, [plaintiffs in error,] and each of them, accepted the benefits of said decree by receiving, through their respective guardians duly appointed thereto, their several distributive shares of the proceeds of the sale of the real estate sold under authority of said decree; * * * that said guardians were the duly authorized persons to receive said money from the defendant in error Robert R. Ward, purchaser at said sale, * * * and that the acceptance of the same in behalf of said plaintiffs in error by their respective guardians is such an acceptance of the benefits of the decree as of itself releases any supposed error in the proceedings and decree in the court below." The second plea is the same as the first, with the further allegation that "the respective guardians of said minors have expended the funds so received as proceeds of the sale of said real estate, for the care, nurture and education of said minors, and they have accepted the benefits of said decree, as aforesaid, and thereby released any supposed error in said decree and proceedings in the

court below." The third plea is confined to plaintiff in error Guy Williams, and is substantially the same as the first plea, with the further allegation that he has since attained his majority, and that prior to the suing out of this writ of error did not disaffirm or repudiate the acts of his guardian or tender to Ward the proceeds of said sale paid to his guardian but affirmed the same by making a demand on his guardian for payment of the sum of money received by said guardian to and for his use, and that he therefore released any supposed errors in the proceedings in the court below. Plaintiffs in error's replication to this plea denies that a demand was made by Guy Williams on his guardian for his share of the proceeds of this sale, that he ever received of his guardian any part of this money for his care, nurture or education, or that he ever in any way affirmed the action of his guardian in the premises.

The suing out of a writ of error is the beginning of a new suit, and when pleas of release of errors are filed to such action they are governed by the same rules of pleading which apply to other pleadings, and all intendments are to be taken most strongly against the pleader. (*Beardsley* v. *Smith,* 139 Ill. 290.) It will be noted that none of these pleas allege who the guardians of the respective minors were, or when or by what court they were appointed, or any facts tending to show that such guardians were, in fact, appointed, but merely allege the conclusion of the pleaders that "they were duly appointed," and that "they were the duly authorized persons to receive the money from defendant in error Robert R. Ward," who was the purchaser at said sale. In this respect we think the pleas were too general. As to the third plea, which runs to Guy Williams, while it alleges that since attaining his majority and before the suing out of the writ of error he made a demand upon his guardian for money received by such guardian pursuant to that decree, it does not allege that he did so with knowledge of the facts, or that he ever settled with his

guardian and received from him any part of the proceeds of the sale under such decree. The recent case of *Hempstead* v. *Broad,* 275 Ill. 358, is decisive of the questions raised by these pleas. In that case a bill was filed to construe the will, and the question before the court was whether a daughter of the testatrix took an estate in fee simple or a life estate, with remainder in fee to the heirs of her body. It appeared that one of the daughters had died leaving a husband her surviving, and also a minor son by a former marriage as her only heir-at-law. A guardian was appointed for the minor and a decree entered finding that the daughter took an estate in fee and the absolute ownership of the property, and the guardian entered into an agreement whereby, in consideration of $6000 paid to him as such guardian of the minor, the decree entered should remain a final adjudication of all his ward's rights involved in such suit. On attaining his majority the guardian settled with his ward and paid to him the $6000 received pursuant to such agreement. A writ of error was subsequently sued out by the son to review that decree, and defendants in error filed two special pleas of release of errors setting up the above facts but omitting to allege that at the time the settlement was made with the guardian the son had knowledge of the source from which the money was obtained. For the want of such allegation each plea was held bad. We further held that a guardian had no power, without the approval of the probate court or any proceeding in that court, to agree, for a valuable consideration, that a decree determining the rights of his ward in real estate and finding that another person had title in fee simple should be final and conclusive against his ward, and that a guardian has no more power to make an agreement that a decree entered shall be a final adjudication of his ward's rights and that no appeal or writ of error will be taken to review such decree, than he would have had, in the first instance, to consent that such a decree might be made and thereby

waive the right to appeal or writ of error by his ward. We there said : "There can be no difference between the power of a guardian to consent, for a consideration, at the time a decree is entered, that there shall be a finding against his ward concerning the title to real estate, and a like agreement made afterward that the decree shall be final. The effect is precisely the same, because a decree entered by consent cannot be appealed from and error cannot be assigned upon it. (*Armstrong* v. *Cooper,* 11 Ill. 540; *Krieger* v. *Krieger,* 221 id. 479.) Certainly, the guardian of Charles Marks Broad would have had no right to consent to the decree when entered and thereby waive the right to an appeal or writ of error, and it must be held that he could not afterward do the same thing in a different way." From this it follows that if a guardian would not have the power, in the first instance, to consent that such a decree might be entered, he could not afterwards bar his ward of his right to have the same reviewed by appeal or writ of error by accepting the proceeds of the sale under such decree. By the decree in the case at bar the rights and interests of plaintiffs in error, they being minors, were adjudicated. If their guardians could not consent to the entry of such decree and thus release errors that were made in the proceedings and the rendition of the decree, their action in acquiescing in the decree and accepting the benefits thereof for the wards would not operate as a release of errors.

The third plea alleges that Guy Williams, after attaining his majority, demanded a settlement from his guardian, but it does not allege that he ever received any of the proceeds of this decree or that he made such demand for an accounting and settlement with his guardian with knowledge of the facts regarding the source from which the guardian received the money demanded of him. Under the holding in *Hempstead* v. *Broad, supra,* this plea is also bad for want of such allegation of knowledge on the part of Guy Williams.

For the reasons given, the demurrer to the replication will be carried back to the third plea and the demurrers to all three pleas sustained. *Demurrers to pleas sustained.*

---

(No. 10348.—Reversed and remanded.)
MINNIE C. ALOE, Appellant, *vs.* PERLEY LOWE *et al.* Appellees.

*Opinion filed April 19, 1917.*