(No. 11503.—Decree affirmed.)
MARY E. WHITE, Appellee, *vs.* RUTH M. VANPATTEN, Appellant.

*Opinion filed October 23, 1917.*

1. PARTITION—*decree fixing interests of parties cannot be questioned on appeal from subsequent decree of sale.* A partition decree which definitely settles the interests of the parties and appoints commissioners to make partition is a final decree, and if any of the parties are dissatisfied with the decree it should be appealed from at once, as the decree cannot be questioned on appeal from a subsequent decree ordering a sale of the premises.

2. HOMESTEAD—*effect where deed is inoperative to convey the homestead estate.* A deed to homestead premises which is inoperative to convey the homestead estate because it is not joined in by the grantor's then wife leaves such estate in the grantor, and it may be transferred by a sufficient conveyance or the title will descend to the heirs-at-law.

3. SAME—*construction of partition decree as to words "homestead estate in fee simple."* Where one owning homestead premises conveys the same without his then wife joining in the deed, and thereafter, after his wife's death, he conveys, by a deed in which his second wife joins, all his interest in the land, "including the estate in fee simple" to the extent in value of $1000, and the grantee on the same day conveys all the estate to such second wife, it must be held that a subsequent partition decree setting off to the second wife "a homestead estate in fee simple" to the extent of $1000, refers to the estate acquired by her deed and not to the homestead estate which a surviving wife acquires under the statute, and it is not necessary that the commissioners set off her homestead estate or that her written consent to a sale of the homestead be secured. (*Betz* v. *Farling,* 274 Ill. 107, followed.)

APPEAL from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding.

RICE, LOWES, O'NEIL & RICHARDS, for appellant.

EDMUND J. RICE, and FREEMAN K. BLAKE, for appellee.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding for the partition of one hundred and twenty acres of farm land, filed in the circuit court of Lake county by appellee. A decree of partition was entered in the trial court and commissioners were appointed, who reported that the land was not susceptible of partition without manifest prejudice to the parties in interest. The trial court thereafter entered a decree approving the findings of the commissioners and ordering the land sold. From that decree this appeal has been prayed.

The disputed questions on this appeal relate chiefly, if not entirely, to the "homestead estate in fee simple" or other homestead interests of appellant, Ruth M. VanPatten. The property involved consists of three forties,—the northeast quarter of the northwest quarter, the northwest quarter of the northwest quarter and the southwest quarter of the northwest quarter of section 5,—located close to and adjoining Lake Villa, in the county of Lake. The land was originally owned by David VanPatten. On March 4, 1876, he conveyed the land by warranty deed to Chauncey Jay Jones for $4500, but the grantor's then wife did not join in the conveyance. Jones on the same date conveyed the land to Julia, the wife of said VanPatten. The decree of partition found that the deed from said VanPatten to Jones, in which his wife did not join, was ineffectual to convey, and did not convey, his unassigned and unallotted homestead rights in said farm, and left vested in him an estate in fee simple in the lands and the improvements thereon to the value of $1000, and that the conveyance by Jones to Julia VanPatten did not in any way affect David VanPatten's estate in fee simple to the value of $1000. Julia VanPatten died in April, 1876, intestate, leaving David,

her husband, and three daughters and two sons, as her next of kin and only heirs-at-law. It is agreed that the estate in fee simple to the value of $1000 remained in David VanPatten unaffected by her death, and that the heirs-at-law of Julia VanPatten each became seized of an undivided one-seventh part of the remainder of said estate, subject to the interests of David VanPatten.

After his first wife's death David VanPatten married Ruth M. VanPatten. On August 8, 1912, David VanPatten then owning an estate in said lands in fee simple to the extent in value of $1000, an undivided 28/196 part of the remainder through the death of certain of the children, and also a life estate in the entire tract, which he had reserved when he deeded the land away, conveyed to Ella Talbot, his wife joining in the deed, all his interest in said entire tract of land, including the "estate in fee simple to the value of $1000." The same day Ella Talbot and her husband conveyed all of said estate so acquired by her, to Ruth M. VanPatten. David VanPatten died November 28, 1915, intestate, and thereafter appellee filed the bill in this case.

The decree of partition found the various interests of all the heirs of David VanPatten and those of his wife. In specifying the interests of appellant it found that "said defendant Ruth M. VanPatten is seized and possessed of a homestead estate in fee simple in said real estate, including the buildings situated thereon and occupied by her, to the extent in value of $1000. Said defendant Ruth M. VanPatten is seized and possessed of a further estate in fee simple in said real estate, or a 28/196 part of the remainder of said real estate, over and above said homestead estate in fee simple to the extent in value of $1000 in said real estate, including the buildings occupied by said Ruth M. VanPatten, situated on said real estate." No question was raised by either counsel as to the interests of any of the other parties.

There were two decrees entered in this proceeding. The first was a decree of partition fixing the rights of all the parties, entered January 29, 1917. No appeal was perfected by anyone from that decree. The second was the decree of sale after the report of the commissioners, entered in the circuit court March 21, 1917. From that decree this appeal was prayed. Under repeated rulings of this court the interests of the various parties as fixed by the decree of partition cannot be inquired into on this appeal from the decree of sale. A partition decree which settles the interests of the several parties and appoints commissioners to make partition is a final decree, from which dissatisfied parties should appeal at once, without waiting for the decree of sale, if they desire to question such action, as an appeal from the decree of sale does not bring up for review the findings of the partition decree. (*Lantz* v. *Lantz,* 261 Ill. 194, and cases there cited.) The partition decree specifically allows appellant a "homestead estate in fee simple to the extent in value of $1000." That finding cannot be questioned on this appeal from the decree of sale.

We understand that both parties agree that the decree fixing the interests is final. They differ as to the character of the estate established by this decree of the circuit court. Counsel for appellant argue that Ruth M. VanPatten's homestead, as found by this decree, should have been set off to her by the commissioners or that her written consent to the sale of the homestead should have been secured, or, in the absence of such consent, that the court should not have ordered a sale of the premises without providing for the payment of $1000 to her before she was required to surrender possession. If the decree had found that Ruth M. VanPatten was entitled to an ordinary homestead estate in the premises the statute provides certain methods of dealing with the same, under the circumstances shown here, before a sale can be had. (Hurd's Stat. 1916, chap. 106, secs. 22, 32; see, also, *Grote* v. *Grote,* 275 Ill.

206.) The deed from David VanPatten to Jones being defective as to the homestead, (his first wife, Julia, not joining,) did not affect VanPatten's title in the fee to the extent in value of $1000. As to that estate such deed was a nullity and the title remained in VanPatten. A deed embracing the homestead which is not operative to convey that estate leaves it in the grantor unaffected by the deed, and the estate is to be treated precisely as though the deed had never been executed. It may be transferred by a sufficient conveyance or the title will descend to the heirs-at-law. (*Gray v. Schofield,* 175 Ill. 36, and cases cited.) It is such an estate as is described in *Jespersen v. Mech,* 213 Ill. 488, where the court said (p. 493) : "An attempt by the husband to convey the homestead without his wife joining in the execution of the deed, if the premises exceed in value $1000, as we have frequently held, conveys only the excess over and above the homestead of $1000 in value. The title to the homestead to the extent in value of $1000 in fee remains in him, and upon his death, and the abandonment of the same by the widow and children, descends to his heirs-at-law, and may be partitioned by them as in cases of any other inherited estate." This homestead estate David VanPatten and his second wife, Ruth M. VanPatten, conveyed to Ella Talbot, and Ella Talbot and her husband conveyed this same estate to Ruth M. VanPatten, and the decree of partition provided that such an estate, described in the decree as "a homestead estate in fee simple to the extent in value of $1000," belonged to appellant, but this is not such a homestead estate for which counsel for appellant contend. Even if it were the fact that Ruth M. VanPatten had become entitled to a homestead interest in the farm of the kind for which her counsel contend, by reason of her occupying said farm as a co-tenant or as a "householder having a family" and owning $1000 in value in fee, (which does not appear, however, to be the fact,) that question could not come up on this appeal from the decree of sale,

as the decree of partition did not find that Ruth M. Van-
Patten was entitled to a homestead interest of that kind.
Clearly, under the facts and the law of this case, prior to
August 8, 1912, David VanPatten was a tenant in common
with the surviving children of the deceased wife, Julia. At
his death David VanPatten had no title to any of said real
estate to which a homestead could attach. (*Roberson* v.
*Tippie,* 209 Ill. 38; *Merritt* v. *Merritt,* 97 id. 243; *Rock*
v. *Haas,* 110 id. 528.) It is clear, therefore, that at the
date of the decree of partition appellant had no homestead
estate or life estate in the premises in question as the sur-
viving spouse of David VanPatten. Whatever interest she
had in the premises came to her by the deed from Ella Tal-
bot and husband conveying the former interest of the late
David VanPatten. This was an undivided interest, which
the decree of the lower court found included a homestead
in fee of the value of $1000. This interest or estate was
somewhat similar to that referred to in *Betz* v. *Farling,*
274 Ill. 107, where it is said (p. 114) : "It is also con-
tended that there could be no sale of the life estate of Re-
becca Lowden Scholes without her consent, which was not
given. Section 32 of the Partition act provides that in case
of sale the court may, with the consent in writing, filed in
the court, of the person having such an estate, sell it with
the rest. That section evidently applies to a case where
one has a life estate in the whole or some definite part of
the premises, so that there can be no unity of possession
until the death of the life tenant. If otherwise interpreted,
the section would enable any party having an undivided in-
terest to prevent a sale by the grant of a life estate and
deprive the owner of another undivided interest of all rem-
edy. * * * The parties were tenants in common of their
estates in possession, and under the statute the complainants
had a right to partition, and in case the premises could
not be divided without manifest prejudice to the parties in
interest, to have the same sold and the proceeds divided.

\* \* \* As section 32 does not apply where the life tenant is a co-tenant with a complainant having a present vested interest, the written consent of Rebecca Lowden Scholes was not necessary." See, also, *Marshall* v. *Marshall*, 252 Ill. 568, and *Hertz* v. *Buchanan*, 177 id. 553.

The doctrine laid down in these authorities must control here, and when the land is sold under this decree $1000 must be paid to appellant, Ruth M. VanPatten, for her "homestead estate in fee" of that value, as found by the decree. That is the construction to be placed on the decree of partition as to Ruth M. VanPatten's homestead interest, and, as already stated, the decree in partition cannot be changed on an appeal from the decree of sale.

Counsel for appellant further insist that on the evidence in this record the court erred in sustaining the commissioners' report that the land was not susceptible of division. They argue that the law is that between a sale and a division in kind the court will favor a division, and will not, as a rule, order a sale unless it appears that a division is impossible or more injurious to the interests of the parties than a sale would be, citing 21 Am. & Eng. Ency. of Law, 1199, *Donaldson* v. *Duncan*, 199 Ill. 167, and *Kloss* v. *Wylezalek*, 207 id. 328. Appellant introduced four witnesses, who testified, in substance, that the land could be partitioned without serious injury to the interests of any party, while five witnesses testified for appellee that the land was not of uniform value; that the forty acres upon which the buildings and orchard are located, which includes lake frontage on Cedar Lake and was the part that would naturally be set off as a homestead, was much more valuable than the remainder, and that the remainder could not be sold separately without great prejudice to such remaining property. The commissioners appointed to partition the land reported to the same effect. While we agree with the contention of counsel for appellant as to the law that should govern on the question whether the property should

be sold or subdivided or partitioned, this is very largely a question of fact in this case, and we cannot say on this record that the court improperly held that the property could not be partitioned without manifest prejudice to the interests of the various parties interested in the proceeding.

In this connection counsel for appellant also argue that the report of the commissioners did not state, in specific terms, whether appellant's interests, alone, could be set off to her without manifest injury to the other co-tenants. We think counsel are in error in this regard. The report of the commissioners stated "that the said premises, and each piece or parcel thereof, are not susceptible of division without manifest prejudice to the parties in interest." There is no merit in the contention of counsel for appellant on this point.

The decree of the circuit court will be affirmed.

*Decree affirmed.*