The Northern Trust Company et al., Appellees, v. William A. Stewart and G. Ross Stewart, Appellants. William A. Stewart, Co-Appellant.

Gen. No. 38,976.

Opinion filed March 24, 1937. Rehearing denied April 12, 1937.

WILSON & McILVAINE, of Chicago, for appellants; CALVIN F. SELFRIDGE, of Chicago, of counsel.

JOHN J. HEALY, of Chicago, for appellees.

GEORGE F. MULLIGAN, of Chicago, guardian *ad litem* for Mary R. Stewart and Donald R. Stewart, minors.

EARL C. HALES, of Chicago, trustee for persons not now in being.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from an order of the superior court of Cook county dismissing a petition filed by defendants and we are asked to review such order and incidentally a decree entered by that court.

A bill in equity was filed by testamentary trustees asking the court to construe the will and the partnership agreement of Bavier C. Miller, deceased, and give them instructions as to the distribution of certain sums of money received by them in payment of the testator's interest in a partnership. A partnership agreement, a copy of the will and a list of the payments received by the trustees were made a part of the bill. The payments enumerated were made by the surviving members of the partnership and were in accordance with the terms of the partnership agreement. These payments were made following decedent's death covering a period of 30 months as provided in said partnership agreement. The trustees, plaintiffs herein, asked the court to determine whether such sums received were income to be distributed to the life beneficiaries or principal to be added to the corpus. All parties in interest were represented in the case.

The prayer for relief in the trustees' bill is as follows:

". . . That this Honorable Court may by its decree determine and state whether or not your orators shall treat the moneys received from the partnership firm of Critchell, Miller, Whitney & Barbour as principal or income and for that purpose shall construe the last will and testament of said Bavier C. Miller and the said articles of co-partnership hereinbefore referred to and shall decide and determine whether your orators shall pay and apply all or any part of the moneys so received from said co-partnership to the life beneficiaries named in said will or whether said copartnership funds shall be retained by your orators as a principal part of said estate to be ultimately paid to the remaindermen who under the terms of said will may then be entitled to receive the same; . . . and that your orators may be fully instructed and advised as to their rights, duties and powers in the premises, and that

your orators may have such other further and different
relief in the premises as equity may require and to your
honors may seem meet."

Answers in which the defendants, G. Ross Stewart
and William A. Stewart joined in complainants' prayer
to the court to adjudicate the rights of the parties de-
fendant in said estate were filed to the bill and the
cause was at issue on November 12, 1935, and after a
full hearing of the evidence before the court, a decree
was entered disposing of all the matters alleged in said
pleadings and answers, and fixing the rights and in-
terests of all parties to the suit, also determining what
the intention of the deceased was in making the said
will and partnership contract. From this final decree
no appeal was taken.

The material substance of the decree of November 12,
1935, is as follows:

"The court further finds that in his life time, to wit:
in the year 1901, the said Bavier C. Miller entered into
a partnership agreement with Charles P. Whitney,
Frank Barbour, Lyman M. Drake, Clarence S. Pellett
and Nelson J. Bennett by the terms of which the parties
associated themselves together in the insurance agency
brokerage business in the City of Chicago, in the Coun-
ty of Cook and State of Illinois, under the firm name of
Critchell, Miller, Whitney & Barbour, and thereafter
from time to time and continuously from the year 1901,
by supplemental articles of co-partnership, said asso-
ciation was renewed and continued.

"That on the 25th day of May, 1927, supplemental
articles of co-partnership were entered into between
said co-partners by the terms of which said co-partner-
ship was to extend and continue to and until the 31st
day of May, 1931.

"That on the 22nd day of May, 1931, said agreement
of co-partnership was further extended by an instru-
ment in writing, to and until the first day of June, 1932,

in and by which extension agreement the articles of co-partnership made and entered into on the 25th of May, 1927, were expressly extended, confirmed and ratified in all of their provisions, conditions and agreements and that at the time of the death of said Bavier C. Miller, said co-partnership agreement of May 25, 1927, as extended, was in full force and effect.

"That in and by said articles of co-partnership it was agreed among other things as follows:

" 'In the event of the death of any of the parties hereto, during the term of this co-partnership, the interest of the deceased partner then remaining in said business shall cease, and his or their legal representative shall be paid by the surviving members of said co-partnership within sixty days after the date of his death, the pro rata share of such deceased partner in the undivided profits of such co-partnership up to the date of his death and thereafter for a period of thirty (30) months there shall be paid to the legal representative of such deceased partner or partners in monthly installments, the share of the profits which would have accrued to said deceased partner or partners had he or they lived. It being expressly understood and agreed that the payments to the legal representatives of such deceased partner herein provided for, shall extinguish all claims on account of the interest of said deceased member. The interest of such deceased member to be divided between said surviving co-partners per capita. The profits to be so paid to said legal representative to be borne by the parties to whom such interest shall pass *per capita.'*

"That it was also provided in said articles of co-partnership the surviving partners should have the option, privilege or right to pay to the legal representatives of Bavier C. Miller in full of his interest in said co-partnership, an amount equal to the share of the profits received or credited upon the books of the firm

to Bavier C. Miller, during the period of thirty months next preceding his death.

"That said option, privilege or right was never exercised by the surviving members of said co-partnership.

"That in pursuance of the terms of said articles of co-partnership, the surviving members of said firm continued to carry on the said insurance business and from and after the death of said Bavier C. Miller, beginning on the 11th day of March, 1932, paid to the executors under the will of said decedent the sum of Twenty-One Thousand Four Hundred Fifty-One Dollars and Sixty Cents ($21,451.60), representing the profits which had accrued to said decedent up to the time of his death and thereafter paid to said executors the additional sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95), representing the share of the profits which would have accrued to the said decedent had he lived and continued to be a co-partner in said firm during the period of thirty months next succeeding his death.

"That the last of said payments made by said surviving partners was under date of July 18, 1934, and extinguished and fully discharged any and all interest which the said Bavier C. Miller or his legal representatives had or might have in said co-partnership.

"The court further finds that the defendants, William A. Stewart and G. Ross Stewart, individually and as executors under the will of Henrietta A. Miller, deceased, claim, and Henrietta A. Miller in her lifetime claimed that the said sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95) paid by the surviving members of said co-partnership, constituted income coming into the hands of the trustee, and that a one-third part thereof should be paid to the executors of the Estate of Henrietta A. Miller, deceased, under the terms and provisions of the will of Bavier C. Miller, deceased.

"That the trustees herein and the guardian *ad litem* for the minor defendants and the trustee representing the interests of persons not now in being, claim and contend that said sum of money constituted a part of the principal of said trust estate and should be held and retained by the trustees as a part of the corpus of said trust estate and should not be treated as income.

"The court therefore finds that a controversy exists as to the construction of said will of Bavier C. Miller, and that this court should construe said will and said articles of co-partnership in conjunction therewith.

"That at the time of the making of said co-partnership agreement, it was the intention of the parties thereto to acquire and purchase the interest of any deceased partner by the payment to his legal representatives of a sum of money, the amount of which should be equal to the amount of the profits which such deceased partner would have received had he lived and continued to be a member of said firm.

"That under the terms of said articles of co-partnership, the legal representatives of said Bavier C. Miller did not become partners in said firm and were not entitled to share in any profits nor were they required or obliged to pay or share in any losses which might be sustained in carrying on said business by the surviving members thereof.

"That the legal representatives of said Bavier C. Miller did not have the right to participate and did not participate in the affairs of said business so carried on by the surviving members and were not required to nor did they contribute in any way to the success or operation of said business.

"That said legal representatives did not contribute any money, property or other capital work or labor to the business carried on by said surviving members after the death of said Bavier C. Miller.

"That prior to 1901 when the said Bavier C. Miller became a member of said firm of Critchell, Miller,

Whitney & Barbour, and for many years prior thereto, the said Bavier C. Miller had been associated with others in the insurance brokerage business in the said City of Chicago, and thereby became and was well and favorably known to many persons requiring the service of insurance agents and brokers.

"That by reason of such prior experience and by reason of his membership in the firm of Critchell, Miller, Whitney & Barbour, and by reason of extensive advertising, the firm of which deceased was a member became well and favorably known to the insurance public and there was thereby created a large and valuable good will by said firm in the insurance world in said city, and which good will existed and was of large value at the time of the death of said Bavier C. Miller.

"That said firm of Critchell, Miller, Whitney & Barbour was at the time of the death of said Bavier C. Miller, one of the large and favorably well known insurance agents or brokers in said city, doing an annual business of between three and four million dollars in insurance premiums, and that by reason thereof, said firm had created and established in the insurance field a large and valuable good will which enured to the benefit and advantage of the surviving members of said firm and which would have been of comparatively little value if the death of said Bavier C. Miller had worked a complete and final termination of the business formerly carried on by said firm.

"That said Bavier C. Miller and his co-partners were men of large experience in the insurance field and each had built up during their partnership association an individual clientele; that the value of an insurance agency and brokerage business consists largely of the probability that insurance originally written as a result of the efforts of a member of the agency, will be renewed from year to year through the same agency; that the value of the tangible assets of the partnership existing

at the time of the death of Bavier C. Miller was small in comparison with the value of its good will and that after the death of Bavier C. Miller, his personal clientele was solicited by the surviving members for a continuation of the business originally procured by Bavier C. Miller, and that the efforts of the surviving members in that respect for a limited period of time met with a substantial degree of success.

"That it was the intention and purpose of all of the members of said firm, including said Bavier C. Miller in his lifetime, to keep and conserve said good will, whereby they provided and agreed that upon the death of any partner the survivors should become entitled to the good will so created and established by paying to the legal representatives of a deceased partner, a sum of money, the exact amount of which would be an amount equal to the share of the profits received by or credited upon the books of the firm to the deceased partner during the period of thirty months next preceding his death; or a sum of money the exact amount of which should be ascertained and determined at the expiration of thirty months after the death of any partner and which amount would be equal to the profits to which such deceased partner would be entitled had he lived and continued as a partner in said firm.

"And the court finds that the payment of said sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95), to the legal representatives of said decedent constituted a purchase by the surviving members of the interest which said decedent had in said firm at the time of his death, and was in extinguishment of any and all interest which decedent or his estate might have in the assets, good will or other property belonging to said co-partnership at the time of the death of said Bavier C. Miller,

"That the death of said decedent dissolved the then existing partnership and that after the death of said decedent, his legal representatives had no right, title or interest in said co-partnership nor in any of its property or assets, other than a claim against the surviving members of said firm in their individual capacities, under their agreement for the purchase of the interest of said decedent as specified, and set forth in said articles of co-partnership as extended.

"The court further finds that the said sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95) paid to the executors of said deceased, and now in the possession of the complainant trustees, being in purchase of the interest of Bavier C. Miller in said firm, was at the time of its payment and now is corpus or principal belonging to said trust estate and is not now and was not at the time of its receipt, income arising from said trust estate.

"And the court finds that in construing the terms, conditions and provisions of the will of Bavier C. Miller, deceased, and the terms, conditions and provisions of said co-partnership agreement, the said complaining trustees should be advised, authorized, empowered and instructed in the administration of said trust estate to treat said last mentioned sum as corpus and not as income, and to administer said fund under the terms, conditions and provisions of the will of Bavier C. Miller, deceased, as a part of the corpus or principal of said trust estate and not as income coming to their hands.

"The court further finds that in the administration of said trust estate the trustees under the will of Bavier C. Miller, deceased, should keep and retain said sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95), as a part of the corpus of said estate to be distributed in ac-

cordance with the provisions of the will of Bavier C. Miller, deceased.

. . . . .

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95) received by the executors under the will of Bavier C. Miller, deceased, and now in the hands and possession of The Northern Trust Company and Grace M. Haskins, as trustees under the will of Bavier C. Miller, deceased, was paid to said executors by the surviving members of the firm of Critchell, Miller, Whitney & Barbour for the purchase of the interest of Bavier C. Miller, in said firm and in extinguishment of the interest which said decedent had in said firm at the time of his death and not otherwise.

"And it is further ordered, adjudged and decreed that said sum so paid as aforesaid, came to the hands and possession of said executors and trustees as corpus and as a part of the principal of said trust estate and not as income arising therefrom. And said trustees are hereby advised, instructed, directed, empowered and ordered in the administration of said trust estate to treat and administer said sum of Fifty-Five Thousand Three Hundred Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95) as a part of the corpus or principal of said estate and not as income arising from said trust estate, and in the further administration of said trust estate and in carrying out the terms, provisions and conditions of the last will and testament of Bavier C. Miller, deceased, said trustees are ordered and directed to keep, hold and eventually dispose of said sum under the terms of said will as corpus and not as income.

"And it is further ordered, adjudged and decreed that the claim and contention of William A. Stewart and G. Ross Stewart, individually and as executors of the will of Henrietta A. Miller, deceased, that the

said sum of Fifty-Five Thousand Three Hundred and Thirty-Eight Dollars and Ninety-Five Cents ($55,338.95) constitutes a part of the income arising from said trust estate, be and the same is hereby denied.

''It is further ordered that Paragraph Fourth of the will of said Bavier C. Miller, deceased, with reference to the payment of governmental charges, taxes or liens which may be imposed upon the estate or the interests of any beneficiaries therein, shall stand and be in full force and effect as to the interests of all beneficiaries as provided in this decree, and that all of the other provisions of said will except as herein specifically construed, shall be binding and in full force and effect upon the trustees of said estate.

''It is further ordered that the complainants shall pay out of the principal of said trust estate now in their possession and custody, the compensation, fees, expenses and disbursements stated and set forth herein, including the fees, expenses and disbursements of the said John J. Healy, counsel for the complainants; George F. Mulligan, guardian *ad litem* for Mary R. Stewart and Donald R. Stewart, minors; Wilson & McIlvaine and Joseph V. Murphy, attorneys for certain defendants herein, and Earl C. Hales, the trustee heretofore appointed by the court to appear for and defend the interests of persons not now in being who may be now or hereafter interested in the subject matter of this suit, and that said compensation, fees and disbursements shall be paid by the complainants out of the principal of said estate in sums not to exceed the amounts hereinabove respectively specified and that all of the defendants in said cause and all other persons now or hereafter being or standing in like relation to or in interest or in privity with said defendants or any of them, and who might at any time hereafter acquire or claim any right title or interest in the subject mat-

ter of this suit, or in the estate of the said Bavier C. Miller, deceased, are hereby forever precluded and barred from challenging or impeaching the terms, conditions, provisions and orders of this decree.

"It is further ordered that this court retain jurisdiction of the subject matter and of the parties to said bill of complaint and the amendment thereto for the purpose of hearing and passing upon any further question that may arise on the petition of any party hereto with reference to the carrying out of said trust, pursuant to the terms of this decree."

On November 30, 1935, William A. Stewart and G. Ross Stewart, as executors of the estate of Henrietta Miller, deceased, filed a petition in this cause in which they allege that the interest of the decedent in the partnership of Critchell, Miller, Whitney & Barbour, was an unproductive asset of the estate of Bavier C. Miller from the date of his death until the respective dates on which payments were made to the estate of the surviving partnership on the purchase price of said interest. They further set forth in their petition the dates on which the payments were received on account of said partnership interest and the amounts of the various payments which they claim should be apportioned between principal and income as follows: The different payments total $55,339.35; amount which should be apportioned to remaindermen total $50,459.68; and, the amount which should be apportioned to life tenants total $4,879.67. This they allege was computed upon a 5 per cent interest basis and "said executors pray that one-third of said sum of $4,879.67, or such other sum as the court may find due, be paid to the estate of Henrietta A. Miller."

Thereafter, on January 21, 1936, an order was entered denying the prayer of the petition of William A. Stewart and G. Ross Stewart as executors. In that order the court recited its decree of November 12, 1935,

and the facts which it therein found, which decree has heretofore been set forth in full, and in which instance the same contention was made and denied by said prior decree.

It is quite apparent from a reading of the pleadings and the final decree entered in this cause on November 12, 1935, that the petition of William A. Stewart and G. Ross Stewart, executors under the will of Henrietta Miller, deceased, the dismissal of which is the basis of this decree, was a renewal of the same questions already decided. If the petition were permitted to stand, it would result in an attempt on their part to have the final decree which was entered on November 12, 1935, reviewed by the trial court after the time for appeal had expired. The trial court was bound by its former decree as is also this court.

Our attention has been called to the recent case entitled *Rettig v. Zander,* 364 Ill. 112, wherein the court says at page 115:

"A decree is said to be final when it terminates the litigation between the parties on the merits and fully decides and finally disposes of the rights of the parties to the cause. (*Smith v. Bunge,* 358 Ill. 229; *People v. Stony Island Savings Bank,* 355 id. 401; *Free v. Successful Merchant,* 342 id. 27.) A decree is final and appealable even though it does reserve incidental matters for consideration and directs a reference to a master to state an account."

No jurisdiction was retained to dispose of any final matters in the original decree, November 12, 1935, but it was merely provided in the decree that:

"It is further ordered that this court retain jurisdiction of the subject matter and of the parties to said bill of complaint and the amendment thereto for the purpose of hearing and passing upon any further question that may arise on the petition of any party hereto

with reference to the carrying out of said trust, pursuant to the terms of this decree.''

It is quite evident that the final decree of November 12, 1935, disposed of all the substantial final matters prayed for in the bill as well as the matters contained in the subsequent petition. In our opinion the petition was merely again raising the same questions which had already been decided and disposed of by such decree.

For the reasons herein given the order of the superior court is hereby affirmed.

*Order affirmed.*

HEBEL and HALL, JJ., concur.