**Eleanor P. Simpson, Appellant, v. Claude E. Simpson, Appellee.**

**Gen. No. 46,425.**

First District, Second Division.
February 15, 1955.
Rehearing denied March 7, 1955.
Released for publication March 7, 1955.

G. Donald Whitehouse, of Chicago, for appellant.

Peden, Ryan & Andreas, of Chicago, for appellee; Sol R. Friedman, and I. S. Friedman, both of Chicago, of counsel.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

This is an appeal from an order denying the plaintiff's petition for an allowance on account of suit money and attorney's fees incurred in enforcing a decree for divorce originally obtained in Tennessee and in defending it against the defendant's attempts to modify it. In the notice of appeal the plaintiff also includes an appeal from that portion of an order entering judgment in favor of the plaintiff for delinquent installments for child support accrued over a period of 6½ years which did not allow the plaintiff the right to recover statutory interest on the successively maturing installments from the dates on which they fell due. This order had been entered more than 90 days before the notice of appeal was filed.

On July 31, 1946 the plaintiff obtained a divorce from the defendant in Hamilton county, Tennessee, on the ground of cruelty. By the terms of the decree she was awarded the custody of the minor son of the parties, and the defendant was directed to pay her the sum of $5 per week for the support and maintenance of the child. This order was subsequently increased to $20 per week. The defendant was in arrears for a period of 6½ years. He had left the State of Tennessee, and had become a resident of the State of Illinois. On January 29, 1953 the plaintiff filed a supplemental complaint in the superior court of Cook county to establish and enforce the Tennessee decree, which was answered. The trial court on May 6, 1953, after a hearing, entered a decree establishing, confirming and adopting the decree of divorce previously entered in Tennessee, together with the order which increased the award for the support of the minor child, as the decree and order of the superior court of Cook county. This decree set forth verbatim the Tennessee decree and order, together with applicable portions of the Tennessee divorce and interest acts.

On May 29, 1953 the plaintiff filed a petition for judgment for support money arrearage. The defendant filed an answer and a hearing was had on June 22, 1953, when the trial court entered judgment in favor of the plaintiff for the full principal amount claimed, $1,688.57, but refused to allow the plaintiff statutory interest on the successively maturing installments of child support from the dates on which they fell due.

On August 17, 1953 the plaintiff filed a petition asking for an allowance of suit money and attorney's fees, liability for which it was alleged had been incurred in enforcing the decree and defending it against the defendant's attempts to modify it. In this petition the plaintiff set up that her attorney had devoted 200 hours to enforcing and defending the decree; that the fair,

average and reasonable value of such services was not less than $15 per hour for services rendered out of court and the sum of not less than $20 per hour in court, or a minimum of $3,000 without apportionment of the time spent in and out of court; that she had incurred expense of $40 for the employment of court reporters and additional expense in the amount of $140.08 in bringing two witnesses from Chattanooga to Chicago in connection with the hearing on the petition for judgment.

The defendant filed an answer in which he denied that the plaintiff was entitled to attorney's fees or suit money; and alleged that the matter had been previously adjudicated and that there was a final judgment therein; that the attorneys who filed the answer are not considered any longer of record in the matter, and prayed that the petition might be dismissed for want of equity.

On October 5, 1953 the plaintiff filed a notice properly served on the defendant on August 28, 1953 of the time and place of the hearing. On October 5, 1953 the court denied the petition of the plaintiff, and on December 31, 1953 notice of appeal was filed.

The plaintiff's theory of the case is that she was entitled to recover her expenses and attorney's fees and to recover interest on the delinquent installments of child support from the dates on which they fell due; and that section 74 (1) of the Civil Practice Act (Ill. Rev. Stats. 1953, ch. 110, par. 198 [Jones Ill. Stats. Ann. 104.074]) would permit this court to review the order entered by the trial court on June 22, 1953 in which the trial court fixed the amount of money due but refused to allow interest, as well as the order entered by the trial court on October 5, 1953 denying the plaintiff's application for suit money and solicitor's fees.

As to the judgment entered June 22, 1953 the plaintiff contends that the court erred in denying interest.

The defendant first argues that this court has no right to consider any error in such judgment or order because of the fact that no notice of appeal was filed within 90 days from the date of the entry of such order. The plaintiff's theory is that this court has such right under the provisions of section 74 (1) of the Practice Act (Ill. Rev. Stats. 1953, ch. 110, par. 198), which provides:

"(1) Every order . . . judgment or decree, rendered in any civil proceeding, if reviewable by the Supreme or Appellate Court of this State by writ of error, appeal or otherwise, shall hereafter be subject to review by notice of appeal . . . . Such appeal shall be deemed to present to the court all issues which heretofore have been presented by appeal and writ of error."

■■■■ Prior to the enactment of the Practice Act a litigant could obtain a review of a judgment or decree either by appeal or writ of error or by both of these modes of appellate procedure. Bradford Supply Co. v. Waite, 392 Ill. 318. The right to a writ of error was extended to chancery cases. Anderson v. Steger, 173 Ill. 112; Leland v. Leland, 319 Ill. 426. A writ of error brought up the entire record. Drummer Creek Drain. Dist. v. Roth, 244 Ill. 68.

Since the passage of the Practice Act, two cases have been before our Supreme Court involving substantially the same factual situation. In Bride v. Stormer, 368 Ill. 524, which was a foreclosure suit, the appellants sought to obtain a deficiency decree against the receiver and Stormer, the maker of the notes and trust deed. The circuit court on November 19, 1936, in a foreclosure decree, dismissed the complaint for want of equity as to the receiver, and on December 29, 1936 entered a deficiency decree against Stormer. Notice of appeal was filed March 12, 1937. The notice of appeal included an appeal from the decree of Novem-

531

ber 19, 1936. The court reviewed both decrees. The court says, after quoting section 74 of the Practice Act:

"Under the earlier practice, a decree determining the rights of the parties was not subject to review in an appeal from a subsequent decree in the same suit, which did not involve those rights; but a writ of error, sued out after the later decree was rendered, could be made use of to review the entire record, including the earlier decree. (Drummer Creek Drainage District v. Roth, 244 Ill. 68, 72.) In that case we held: 'While this court has held that in partition proceedings the decree which finally adjudicated the rights and interests of the parties could not be reviewed on appeal from a later decree in the same proceeding which did not affect such interests of the parties, (Crowe v. Kennedy, 224 Ill. 526; Piper v. Piper, 231 Ill. 75;) we have also permitted, in partition proceedings, the original decree fixing the rights of the parties and a later decree taxing costs against certain of the parties to be reviewed by one writ of error.—Smith v. Roath, 238 Ill. 247.'

"Appellants could have reviewed both these decrees by a single writ of error before the adoption of the Civil Practice act, and now, in view of section 74 (1), supra, both decrees may be reviewed by one appeal. The contention that the notice of appeal filed March 12, 1937, could not include the decree of November 19, 1936, cannot be sustained."

Rabe v. Rabe, 386 Ill. 600, was a partition suit in which decrees of partition, sale and confirmation of the sale were entered by the court. After the sale an accounting was had before a master and a report of distribution prepared which was objected to by the defendant, which objections were overruled on March 30, 1943. The defendant then made a motion to vacate the previous orders and decrees and to dismiss the suit for partition. This was denied, and notice of appeal

532

was filed June 28, 1943. The notice of appeal also prayed that the correctness of the decree of the court confirming distribution, the decree of the court confirming the master's report of the sale, and the decree of the circuit court which approved and confirmed the master's report awarding partition be also considered and determined on the appeal. The court found that the decree of partition and the decree of the court confirming the master's report of sale were final orders and that the time in which to appeal from both such decrees had passed at the time the defendant gave his notice of appeal in the case, and says:

"Where a decree of partition definitely settles the interests of the parties and appoints commissioners to make partition it is a final decree, and if any of the parties are dissatisfied with it an appeal should be taken in accordance with the statute, as such decree cannot be questioned upon an appeal from a subsequent decree ordering a sale of the premises. (White v. Van Patten, 280 Ill. 215, Lantz v. Lantz, 261 Ill. 194; Bergman v. Rhodes, 334 Ill. 137.) . . . The same rule is applicable to a decree ordering the sale of the premises, and to the decree of the court confirming the master's sale of the premises."

In Rabe v. Rabe, supra, the construction of section 74 of the Practice Act was not raised or argued. Neither this section nor the case of Bride v. Stormer, supra, was referred to in the opinion. In Feldman v. Illinois State Pawners Ass'n, 279 Ill. App. 476, the court stated, and in Borin v. Borin, 343 Ill. App. 649, the court followed, the rule laid down in Bride v. Stormer, supra.

The defendant cites Northern Trust Co. v. Stewart, 289 Ill. App. 286, which was an appeal from an order of the superior court of Cook county dismissing a petition filed by the defendants which asked the court to review that order and also a former decree entered by the court. A bill in equity had been filed by testa-

533

mentary trustees asking the court to construe a will and partnership agreement and for instructions as to the distribution of certain sums of money received by them in payment for the testator's interest in a partnership. The court entered a decree on November 12, 1935. On November 30, 1935 parties to the original suit filed a petition raising the same questions, which petition on January 21, 1936 the court denied, reciting in the order, as its ruling, its previous final decree. The court says:

"If the petition were permitted to stand, it would result in an attempt on their part to have the final decree which was entered on November 12, 1935, reviewed by the trial court after the time for appeal had expired. . . .

"It is quite evident that the final decree of November 12, 1935, disposed of all the substantial final matters prayed for in the bill as well as the matters contained in the subsequent petition. In our opinion the petition was merely again raising the same questions which had already been decided and disposed of by such decree."

The court in that case did not consider section 74 of the Practice Act. In Classen v. Ripley, 407 Ill. 350, also cited by the defendant, an order was entered on July 18, 1949 dismissing the complaint for want of equity. On February 3, 1950 the court denied plaintiff's motion to vacate the order of July 18, 1949 and to permit plaintiff to file an amended complaint, from which order an appeal was taken to the Supreme Court. The Supreme Court held that the matter was not properly before the Supreme Court, and transferred the case to the Appellate Court. In Classen v. Ripley, 343 Ill. App. 298, the Appellate Court reversed the order of the circuit court, and ordered that the plaintiff be permitted to file her amended complaint and that the case be allowed to proceed. In neither of these cases

534

was there any consideration of the question now before this court. These cases are not applicable.

█ We believe that in the case now before us we have the right to follow the rule in Bride v. Stormer, supra, and review the alleged errors in both orders. 21 C. J. S., Courts § 186; United States v. Mitchell, 271 U. S. 9, 70 L. Ed. 799, 46 S. Ct. 418.

In the original decree entered by the trial court it is provided that the said decree shall be enforced herein by "fine and imprisonment as in cases of contempt and by any and all other remedies which are and shall be available to plaintiffs in like cases in the Superior Court of Cook County under and by virtue of the laws of the State of Illinois," and "that the Court shall retain jurisdiction of the parties hereto and of the subject matter hereof for the purpose of entering judgments herein from time to time for installments of child support already accrued, and hereafter to accrue, under and by virtue of the terms of said decree and order, as the plaintiff shall elect; for the purpose of taking an accounting or accountings from the defendant as to any and all sums of money presently due or hereafter to become due to the plaintiff from the defendant under and by virtue of said decree and order; and for the purpose of enforcing generally said decree and said order." The court entered judgment on June 22, 1953 on the petition of the plaintiff alleging that the defendant was in arrears $1,688.57 for support money for the minor child. The petitioner prayed judgment for that amount, together with interest at the rate of 6 per cent, which interest was to run from the time when such payments became due under the order. The plaintiff contends that the trial court, in entering judgment for the principal amount, erred in failing to include in its order interest prayed for. The defendant urges that the court's ruling was proper in that the allowance of interest was a matter within the discretion of the court.

535

■■ It has been held that interest may be recovered on each monthly payment from the time when it became due in a suit to enforce a decree of separate maintenance. Pope v. Pope, 2 Ill.2d 152. In acting on the petition of the plaintiff the court was acting under its specifically reserved right in the decree. The decree set forth the statute of the State of Tennessee relating to interest. The trial court was in error in not allowing interest as prayed for in the petition. To deny it was not within the discretion of the court.

■ The order of October 5, 1953 denying the petition of plaintiff for allowance of suit money and attorney's fees was also erroneous. We have repeatedly held that where the defendant refuses to pay alimony or support money under an order of court and it is necessary in order to enforce such order for the plaintiff to petition the court to compel the payment of the money, attorney's fees and the necessary expenses are properly allowed. Shuff v. Fulte, 344 Ill. App. 157; Kohl v. Kohl, 330 Ill. App. 284; Slezak v. Slezak, 293 Ill. App. 489; Czarra v. Czarra, 128 Ill. App. 430.

The defendant argues that under the law of Tennessee the plaintiff would not be allowed expenses and attorney's fees in a proceeding to enforce a decree. While we do not believe that such contention is material, because this proceeding was to enforce an Illinois decree, the decree of the Tennessee court having been confirmed and adopted and made a decree of the superior court of Cook county, nevertheless the cases in Tennessee do not sustain the defendant's contention. Graham v. Graham, 140 Tenn. 328, 204 S. W. 987; Pendray v. Pendray, 35 Tenn. App. 284, 245 S.W.2d 204.

■■ The defendant made a motion in this court to dismiss the appeal and filed suggestions and affidavit in support thereof, which motion was taken with the case. The only suggestion which we have not heretofore considered in this opinion is apparently based on a motion in the nature of a release of errors, since,

according to the submitted affidavit, the defendant had prior to the filing of the motion paid $500 which was accepted by the plaintiff. He does not state that the $500 was paid on account of the judgment. Taking all intendments against the defendant, he has not properly set out matter which would give rise to a motion in the nature of a plea of release of error. Ward v. Williams, 278 Ill. 227; Beardsley v. Smith, 139 Ill. 290. In any case, he could not invoke the doctrine of release of errors by acceptance of the benefits of the judgment appealed from to prejudice the rights of a minor. Here the judgment was for the support of a minor child. To all intents and purposes the plaintiff in this case occupies a position of next friend or guardian ad litem for the minor child. Under these circumstances she has no power to release errors in prejudice of the rights of the minor. Ward v. Williams, 278 Ill. 227; Jespersen v. Mech, 213 Ill. 488; Johnston v. Johnston, 138 Ill. 385. The motion is denied.

The judgment order entered by the trial court on June 22, 1953 which does not include an allowance for interest at the rate of 6 per cent per annum on each monthly payment on which the defendant was in arrears, the interest to run from the time when such payment became due, should be modified to include such interest. The order of the court entered on October 5, 1953 denying the petition of the plaintiff is reversed, and the trial court should determine what is properly due the plaintiff for expense money and attorney's fees and enter judgment therefor. The cause is remanded to the superior court of Cook county for such further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

ROBSON and SCHWARTZ, JJ., concur.