GEORGE W. DAVIES

*v.*

HERBERT GIBBS *et al.*

*Opinion filed June 18, 1898—Rehearing denied October 6, 1898.*

1. PARTITION—*confirmation of a sale in vacation is conclusive on the parties.* Since the amendment of section 29 of the Partition act, in 1889, (Laws of 1889, p. 215,) the court has power to confirm a master's sale in vacation, and parties to the suit who fail to except to the master's report within twenty days from its filing are barred, after confirmation, in the absence of fraud, accident or mistake, from raising objections thereto.

2. SAME—*after due confirmation, evidence is incompetent to impeach master's sale.* After due confirmation, in vacation, of a master's report of sale to which no exceptions were filed, evidence cannot be received to show the sale was upon terms and conditions different from those shown by the master's report, in the absence of any circumstance of fraud, accident or mistake which prevented the filing of exceptions pursuant to law.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

NEAL & WILEY, for appellant.

L. C. HENLEY, and J. F. HUGHES, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery by the appellees, against the appellant. The bill alleged that in a certain proceeding in chancery for partition of certain premises belonging to the heirs of one B. F. Jones, deceased, a decree was entered declaring such premises not susceptible of partition, and directing that said premises be sold by the master in chancery for the purpose of making distribution of the proceeds of the sale among the owners; that the said master sold certain of the premises, and on the 7th day of February, 1895, filed in the office of the clerk of the said Coles circuit court a report of his acts and doings under such decree; that in and by said report the master reported that by virtue of such decree he had sold to the appellant, G. W. Davies, the north-west quarter of the south-west quarter of section 12, township 12, north, range 8, east of the third principal meridian, except that part of said tract included in the plat of the original town of Stockton, and except also the right of way of the Cleveland, Cincinnati, Chicago and St. Louis Railroad Company, at and for the sum of $79.75 per acre; that the report of the said master was approved in vacation, on the 7th day of March, 1895, by one of the judges of said court; that in pursuance of such decree, report of sale and approval thereof, the master, on the 18th day of April, 1895, executed and delivered to said appellant, Davies, a deed of said tract above described, (except said part of said town plat and right of way of said railroad.) The bill alleged that the said master in chancery, in making settlement with said Davies, estimated that the said tract of land, exclusive of the said town plat and right of way aforesaid, contained twenty-five acres of land, and that he accepted from the said appellant, in payment for said land, the sum of $1993.75, as the amount due for twenty-five acres of land at $79.75 per acre. The bill further alleged that the premises so sold and conveyed to Davies

174—18

contained thirty-three acres of land. The bill proceeded upon the theory that Davies had paid for only twenty-five acres of said tract, and that the alleged remainder was not paid for, to-wit, eight acres, and remained the property of the heirs of the said B. F. Jones, deceased, to-wit, the complainants and certain other of said heirs who appeared as defendants with Davies to the said bill. The bill prayed that a decree be entered to that effect, and ordering that said eight acres be partitioned and allotted among the heirs of said B. F. Jones, deceased.

At a former term of this court the question whether this bill was obnoxious to a demurrer was presented by the record in the case of *Gibbs* v. *Davies,* 168 Ill. 205. We then held that the report of the master, and its approval and confirmation, and the execution of the deed by the master, invested Davies with the title possessed by the Jones heirs to the entire tract of the land, less the parts in the said town plat and in said right of way, and that the eight acres in question were not subject to be partitioned; that the allegations of the bill were sufficient to entitle the complainants therein to a hearing upon their assertion that the master had reported that he had sold the land to Davies by the acre, at a designated price per acre, and that such report was approved by the court, but that the master, in accounting with Davies, erroneously estimated the tract sold to contain eight acres less than it actually included, and that plaintiff in error in that case and his co-complainants were entitled to a decree against Davies for the value of the number of acres, if any, erroneously omitted by the master, at the price per acre bid thereupon, as shown by said report. Under this ruling the cause was remanded and has since been heard and determined, the result being a decree requiring the said Davies should, in thirty days, pay to the said complainants and others, heirs of said B. F. Jones, deceased, the sum of $638, as being the value of eight acres of land at $79.75 per acre, and in default of such payment

the deed executed by the said master to Davies for the said tract of land should be vacated and set aside, and the premises re-sold by the master under and by virtue of the terms and conditions of the original decree of partition.   This is an appeal prosecuted by the said Davies to reverse the decree.

Upon the hearing, the report of the master of the sale of the premises in controversy was produced in evidence. It did not sustain the allegations of the bill that the master sold the tract in controversy to the appellant by the acre, but, on the contrary, that said Davies bid the given sum of $1993.75 for the said quarter quarter-section, less the excepted parts before mentioned, and that said tract was struck off and sold to him at and for such given sum. The appellees offered, and, over the objection of the appellant, were allowed to produce, evidence tending to show that the premises were struck off and sold by the master to said Davies by the acre and at a fixed sum per acre.   Whether it was competent to receive and consider this testimony is the first question to be determined, and one which, in the view we have taken of the cause, makes it unnecessary that we should notice a number of other questions which the respective parties have presented and argued in their briefs.

It appeared from the record the sale in question occurred on the 31st day of January, 1895, and that this report of the master was filed with the clerk of the circuit court wherein the decree was rendered, on the 7th day of February, 1895; that no exceptions or objections were filed or presented thereto; that on the 7th day of March, 1895, the said report was presented to the judge of the court in which the decree was rendered and was examined and duly approved by the said judge, who endorsed upon the said report an order in writing, and signed by the said judge, approving the said sale. It further appeared that after the approval of the said report said appellant, Davies, complied with the terms and condi-

tions of the said sale, whereupon the master executed and delivered to him a master's deed conveying to him said tract of land, except the excepted portions hereinbefore mentioned. All that was sought to be established by the testimony in question but constituted exceptions or objections to the report of the master of the sale of the premises. The time and manner in which such objections or exceptions may be made are regulated by the statute. Sections 29 and 30 of the act entitled "Partition," (Laws of 1889, p. 215,) are as follows:

"Sec. 29. The master, special commissioner or other officer making such sale shall, within ten days thereafter, file a report of his doings in the matter, in the office of the clerk of the court decreeing such sale. Any person interested therein may, within twenty days after the filing of said report, file exceptions thereto, and if no exceptions are filed within such time the report shall be presented by the officer or other person making the sale, to the judge of the court, who shall examine the same, and shall have power, in vacation, to make such order in reference to the approval thereof as he shall deem proper. If exceptions are filed to such report in vacation, no action shall be taken thereon until the next succeeding term of the court.

"Sec. 30. Upon the confirmation of the report, the master, special commissioner or other officer making the sale, or some person specially appointed thereto, shall execute and deliver to the purchaser or purchasers of the premises sold, proper conveyances thereof, taking, in case of sale on credit, security as required by the decree, which conveyances shall operate as an effectual bar against all parties and privies to said proceedings and all persons claiming under them."

Prior to the enactment of said section 29, as amended by the act in force July 1, 1889, it was not within the power of the judges of the circuit courts to approve and confirm sales of land made by virtue of partition decrees,

except when judicially sitting in term time. After a sale under such decree the whole matter remained *in fieri* until the court could convene in regular session, the bid being regarded as but an offer to purchase subject to the approval or disapproval of the court. (*Hart* v. *Burch*, 130 Ill. 426.) Neither the buyer nor the parties interested in the proceeds of the sale could know with certainty whether the sale would be approved or not. This condition of affairs was highly inconvenient and unsatisfactory, and often prejudicial to the interest of all concerned. It tended to discourage persons from becoming bidders for lands at such sales, and, in consequence thereof, to restrict competition for property so to be disposed of, and often deprived all parties concerned of the use and benefit of the land and of its proceeds during the time intervening between the sale and the next session of the court. In many counties within the State circuit courts convene but twice in each year, and the delay thus occasioned in all such counties was a matter of serious moment. In other counties, where the terms were more frequently held, the delay was not so great, yet it was felt to operate disadvantageously, for the reason there is a common disinclination to tender a bid upon real property to be accepted or rejected in the future. These evils were intended to be remedied by the amendment to said section 29, which provided that the master should, within ten days after making the sale, file a report of the sale with the clerk of the court wherein the decree was rendered, and that exceptions thereto might be filed within twenty days after the filing of the report, and that if no exceptions were filed within that time the judge of the court should be fully empowered to approve and confirm the sale. This statute remedied the evil, and yet preserved the right of every one to present exceptions or objections to the report of sale. The master in the case at bar complied with the statute. The appellees had ample opportunity to interpose any and every objection, if any they

had, to the confirmation of the report. No circumstance of fraud, accident or mistake intervened to prevent them from availing of the opportunity and privilege. The court approved and confirmed the sale. The appellant complied with the terms and conditions of the decree and sale, and became entitled to receive, and did receive, a deed from the master. The action of. the judge in approving and confirming the report of sale, being fully authorized by the statute, became binding upon and concluded the appellees as effectually as though the report had been acted upon and confirmed by the court judicially convened. It is declared by said section 30 a deed so made by a master shall operate as an effectual bar against all parties and privies to the proceeding, and all persons claiming under them.

The appellees had full right and ample opportunity to present, as exceptions to the master's report, the matters they now seek to have considered and remedied in this proceeding. Having failed to so present them, the order of approval and confirmation of the report forms a conclusive bar to any further litigation concerning them. (Freeman on Void Judicial Sales, sec. 44; *Speck* v. *Pullman Palace Car Co.* 121 Ill. 33.) For this reason it was not competent to receive the testimony tending to show the sale of the land to appellant, Davies, was upon terms and conditions other and different from the report thereof made by the master and approved by the judge of the court.

If we are right in the conclusions we have reached and as herein expressed, it is manifest there is no ground upon which appellees can recover. The decree is therefore reversed and the cause will not be remanded.

*Decree reversed.*