## THE ROCHESTER LOAN AND BANKING COMPANY
### *v.*
### JENNIE E. MORSE *et al.*

*Opinion filed June 17, 1899—Rehearing denied October 11, 1899.*

MORTGAGES—*partition of mortgaged property lying in two counties— effect of release upon lien created by decree.* A release as to a mortgagor's undivided interest in land in one county upon payment of the difference between the amount of the mortgage and the price paid by the mortgagee at a sale of the mortgagor's undivided interest in the land in the other county, which was embraced in the mortgage, does not bar the enforcement of a lien created by a subsequent partition decree, entered by consent of all parties interested, which sets apart to the mortgagor less than her share of the land in the county where the sale was had and gives her an increased portion of the land in the other county, and makes the certificate of sale a lien upon the land set apart to the mortgagor in severalty in both counties.

*Morse* v. *Rochester Loan and Banking Co.* 74 Ill. App. 326, reversed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of DuPage county; the Hon. C. W. UPTON, Judge, presiding.

The original bill in this cause was filed before April 14, 1896. On the latter date an amended bill was filed by the appellant banking company for the enforcement of a lien, decreed to it by a decree in a certain partition suit hereinafter mentioned, against certain lands of the appellee, Jennie E. Morse. The appellees filed an answer to the amended bill, and replication was filed to the answer. Upon hearing had, and after the introduction of testimony, oral and documentary, the circuit court made a decree, granting the relief prayed for in the amended bill. From this decree an appeal was prosecuted to the Appellate Court. The Appellate Court reversed the decree of the circuit court without remanding the cause. The present appeal is prosecuted from the judgment of the Appellate Court.

The facts are substantially as follows: On July 29, 1892, the appellee, Jennie E. Morse, was the owner in fee of one undivided one-fifth part of 440 acres of land in Will county and of 263 acres in DuPage county; and, on that day, she and her husband, the appellee, Frank Morse, executed a mortgage on her said undivided interest in the said lands to the appellant, the Rochester Loan and Banking Company, a corporation organized under the laws of New Hampshire, to secure a note for $4000.00. On September 27, 1893, the banking company filed a bill to foreclose this mortgage in the circuit court of Will county against the land situated in that county, and also, on the same day, filed a bill to foreclose said mortgage in the circuit court of DuPage county against the land situated in the latter county.

On March 10, 1894, a foreclosure decree was entered in the suit in the Will county circuit court, and a sale of the premises situated in Will county was made under the decree of foreclosure on May 14, 1894. At such sale the appellant became the purchaser of said undivided interest for $3080.00. On the same day a report of the sale was filed and approved, and a certificate of purchase was issued to the present appellant, the Rochester Loan and Banking Company.

The proportional share, which the appellant would obtain under the purchase of the land in Will county, would be equal to 88 acres undivided; and one undivided one-fifth part of the lands in DuPage county would be equal to 52.60 acres undivided.

While the foreclosure suits were pending in Will and DuPage counties, to-wit, on March 1, 1894, one Jennie Freeman, a tenant in common with Jennie E. Morse in the ownership of said lands, filed a partition bill in the circuit court of DuPage county for the partition of all the lands above mentioned, located in both Will and DuPage counties. The appellee, Jennie E. Morse, and the appellant, the Rochester Loan and Banking Company, were

both made parties defendant in this partition suit. The bill therein alleged, that Jennie E. Morse was the owner of an undivided one-fifth part of said premises, and that her interest was subject to the mortgage of the appellant banking company for $4000.00, and interest thereon.

On April 4, 1894, an interlocutory decree of partition was entered in said partition suit, finding and adjudging that Jennie E. Morse was entitled to an undivided one-fifth interest in said premises in fee simple, subject to the mortgage of the appellant.

On June 16, 1894, the commissioners, appointed in the partition suit, filed their report, setting off and allotting to the appellee, Jennie E. Morse, in severalty for her interest and share of said premises, being one-fifth part thereof, 24.59 acres of the land in Will county and 120 acres of the land in DuPage county, describing the tracts thus allotted and set off by metes and bounds.

On September 22, 1894, a final decree was entered in the partition suit, confirming the report of the commissioners, and ordering that the parties should hold in severalty the shares set off and assigned to each respectively; that the title to the shares so set off should be vested in said parties respectively, and further finding, "that the lien of the mortgage, given by Jennie E. Morse and Frank Morse, her husband, * * * to the Rochester Loan and Banking Company of Rochester, N. H., * * * is a good and valid first lien on the shares and portions of the premises described in the decree, heretofore entered in this cause, which are set off by said commissioners, as shown by said report, to Jennie E. Morse, and that all other portions of said real estate are hereby decreed to be free from the lien and encumbrance of said mortgage; * * * that on or about March 14, 1894, in a foreclosure proceeding begun under said last described mortgage in the circuit court of Will county, Illinois, a sale of the undivided interest of said Jennie E. Morse in the premises, described in the decree heretofore entered

in this cause, was had, and the said interest of Jennie E. Morse in that portion of said premises, which are situated in Will county, was sold in pursuance of the decree, entered in said proceeding, to the · * * * banking company * * * for the sum of $3080.00, and a certificate of purchase at such sale was issued by order of said court to said purchaser; it is, therefore, ordered, adjudged and decreed by the court, that the certificate, so issued as aforesaid, shall be and remain a lien only upon the shares and portions of said premises, described in the decree heretofore entered in this cause, which vested and are set off by the report of said commissioners and this decree to said Jennie E. Morse; and that all other portions of said real estate described in said decree are hereby declared and decreed to be forever free from the lien and encumbrance of said certificate."

On August 30, 1894, the banking company executed a satisfaction piece or release of the said mortgage on the real estate, situated in the county of DuPage, containing about 263 acres, and acknowledged therein, that said mortgage "is redeemed, paid off, satisfied and discharged in so far as it relates to said lands in DuPage county, but not as to lands covered by said mortgage in Will county."

In the foreclosure suit, begun in September, 1893, in the circuit court of DuPage county for the foreclosure of the mortgage against the lands in that county, the answer of the present appellees was filed on August 31, 1894, and, by written stipulation between the parties filed therein on September 3, 1894, the bill was dismissed at the costs of the defendants.

On August 16, 1894, or thereabouts, the appellee, Jennie E. Morse, paid to the appellant banking company $1694.42 in satisfaction and discharge of the amount, remaining due from Jennie E. Morse on said note and mortgage over and above the $3080.00 that had been bid by the banking company on the sale by the master of the lands in Will county.

The lien, which the present bill was filed by the appellant to enforce, is the lien conferred by said partition decree, entered on September 22, 1894, upon the shares and portions of the premises, which were set off in the partition decree to the appellee, Jennie E. Morse.

JAMES H. MACOMBER, and DANIEL F. HIGGINS, for appellant.

BOTSFORD, WAYNE & BOTSFORD, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The record in this case presents a very curious, state of facts. The mortgage, sought to be foreclosed, covered lands lying in two counties, to-wit, Will county and DuPage county. Two bills were filed about the same time, one in the circuit court of Will county to foreclose the mortgage against the lands lying in that county, and one in the circuit court of DuPage county to foreclose the same mortgage against the lands lying in DuPage county. In the Will county proceeding, decree of foreclosure was rendered, and sale was had, and one undivided one-fifth part of the 440 acres situated in Will county, being the interest of the appellee, Jennie E. Morse, in said lands, was struck off and sold to the appellant banking company for $3080.00, and a certificate of purchase therefor issued to the company. An undivided one-fifth part of the 440 acres of land was 88 acres; and the undivided interest, thus amounting to 88 acres, was worth more than the amount bid for it and set forth in the certificate of sale.

The foreclosure suit, instituted in the circuit court of DuPage county, did not come to decree or sale, but was settled and dismissed before the entry of any decree therein. It was so settled and dismissed, because the mortgagors, Jennie E. Morse and her husband, paid to the company the sum of $1694.42, being the amount due

to the company upon the mortgage over and above the
$3080.00 bid at the sale of the Will county land.

In the partition suit which was begun while both the
foreclosure suits were pending, the court ignored the cer-
tificate of sale, held by the banking company upon the
undivided 88 acres in Will county, owned by Jennie E.
Morse, and set off to Jennie E. Morse, not the 88 acres of
the Will county land and 52 acres of the DuPage county
land, but 24.59 acres of the Will county land and 120 acres
of the DuPage county land. The effect of this action was
to take out of the operation of the certificate 63.41 acres
of land in Will county.

Undoubtedly, the appellant company was entitled,
after the expiration of the time of redemption, to a mas-
ter's deed for the undivided one-fifth interest, amounting
to 88 acres, of Jennie E. Morse in the Will county land,
if the same should not be redeemed. The partition de-
cree, however, did not give her full interest in the Will
county land to Jennie E. Morse, but gave 63.41 acres
thereof to tenants in common other than herself; and
gave her an increased portion of the DuPage county land,
to-wit, 120 acres.

The effect of a partition, in which a mortgagee is
joined as a party, is to substitute for an undivided inter-
est in the whole land the portion set off to the mortgagor
in severalty; and the lien of the mortgage, which was
theretofore upon an undivided interest, falls upon the
particular portion so set off and aparted to the mort-
gagor. (*Loomis* v. *Riley*, 24 Ill. 307).

The banking company, holding the certificate of pur-
chase, was a party defendant to the partition suit; and
the court was there seeking to shift the titles of the sev-
eral parties, so that it could make a specific decree, and
settle the lien of the banking company upon the specific
land allotted to Jennie E. Morse, and release it from
those portions of the land, which were specifically set
aside to the other owners.

It certainly would have been unjust to reduce the interest of Jennie E. Morse in the Will county land, purchased by the appellant, and take away from the appellant a large portion of its security, unless something should be given in the place of the part thus taken away. Appellant's certificate of sale called for what was equivalent to an undivided 88 acres of land located in Will county, but the portion set off to Jennie E. Morse in the partition suit was only 24.59 acres. To say that appellant should only have 24.59 acres subjected to the lien of its mortgage or certificate of sale in the partition suit, when it was entitled to 88 acres, would be to do palpable injustice. To avoid such a result the partition decree clearly provided, that the certificate of sale should be a lien upon the share of the premises set off to Jennie E. Morse, that is to say, upon the 24.59 acres of land in Will county and the 120 acres of land in DuPage county.

While, therefore, the partition decree released from the certificate at least three-fourths of its value, it gave to the mortgagor, Jennie E. Morse, an additional amount of land in DuPage county in place of that, which she held in Will county, and subjected such additional amount to the certificate of sale. The lien of the certificate was released from all the land in Will county not set apart to her, but at the same time it was made a lien upon the land set apart to her in both counties.

We are not concerned with the question, whether the court did right or wrong in entering such a decree, as was entered in the partition suit. The court there had jurisdiction of all the parties before it, both the mortgagors and the mortgagee; it had jurisdiction of the subject matter of the action; it had full and complete jurisdiction in partition, and the purpose of the decree was to ascertain the rights of the several parties, and shift their titles and liens upon the land before the court.

If there was any error, it was not a jurisdictional error, but one merely as to the merits of the case. The

partition decree has never been reversed, but stands and is in force. That decree was agreed to by all the parties in interest in the partition and in the land there involved.

The circuit court, in the case at bar, has found from the proof before it: "that said decree in partition so entered by this court * * * was agreed upon by all parties in interest in said cause and in said land." This finding of the court is sustained by the evidence. The final decree in the partition suit was drafted and submitted to all the parties before it was entered.

In view of the fact, that the partition decree was entered by agreement, it makes little difference what effect the execution of a certificate of sale has upon the mortgage lien. It is immaterial here, whether the execution of the certificate released the mortgage lien or not. If, before the entry of the partition decree, the appellant company had challenged the right of the court to reduce its security in the manner above stated, a different decree may have been entered, but the proof shows that the appellant, coming into court with its certificate, and Jennie E. Morse, coming into court for the purpose of having a specific amount of land set apart to her, accepted the decree without any objections or exceptions. Therefore, the present appellees are estopped from complaining of the fact, that the partition decree gave to the appellant company a lien upon the lands in Will county and DuPage county, set off by that decree to Jennie E. Morse.

It is contended, however, by appellees, that the payment of $1694.42 and the release of the mortgage upon the DuPage county land destroyed the lien of the appellant, and removed its right to claim under its certificate any of the DuPage county land, and any of the Will county land, except the 24.59 acres. To sustain this contention is to allow the appellees to take advantage of what, in the view presented by them, was either a mistake, or sharp practice.

The release of the mortgage, so far as it applied to the lands in DuPage county, was not intended by counsel for appellant as a release of the lien, provided for in the partition decree by an arrangement between himself and counsel for the complainant in the partition suit. The object of making the release and the stipulation to dismiss was to dispose of the mortgage foreclosure pending in DuPage county, on the theory that the partition suit would so affect the foreclosure in Will county, as that the master's certificate of sale would be of no use as a foundation of title, and that, when the court came to make its final decree, as it did on September 22, 1894, it would extend the lien of the certificate to each and every part of the real estate set apart specifically to Jennie E. Morse.

The release in question was executed and agreed to before the final decree in the partition suit was agreed upon and entered; and it did not operate, and was not intended to operate, as a release of appellant's claim upon the lands in DuPage county, which might be set off to Jennie E. Morse by the partition decree. On the contrary, that decree preserved to the appellant a lien upon the land, set off in severalty to her in that proceeding, for the payment of the amount still remaining unpaid upon the mortgage indebtedness.

We are of the opinion, that the judgment of the Appellate Court is erroneous, and that the decree, entered by the chancellor in the circuit court, correctly adjudicated upon the rights of the parties. Therefore, the judgment of the Appellate Court is reversed, and the decree of the circuit court is affirmed, and the cause is remanded to the latter court for the execution of its decree in pursuance of the terms thereof.

*Reversed and remanded.*