(No. 27585.—

MAGDELENE B. RABE, Exrx., *et al.*, Appellees, *vs.* LOUIS F.
RABE.—(MARY GENEVIEVE RABE, Exrx., Appellant.)

*Opinion filed March 21, 1944—Rehearing denied May 11, 1944.*

GERALD G. BARRY, of Chicago, for appellant.

HEALY & REID, of Chicago, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Louis F. Rabe was defendant in a partition suit filed
in the circuit court of Cook county December 28, 1940.
Decrees of partition, sale, and confirmation of sale, and

in favor of appellees, were duly entered by the court. After the sale an accounting was had before the master and a report of distribution prepared, which was objected to by defendant, and March 30, 1943, the objections to the master's report were overruled. Defendant then made a motion to vacate and set aside previous orders and decrees and to dismiss the suit for partition. This was denied by the court, and notice of appeal was filed June 28, 1943. The notice of appeal, in addition, prays that the correctness of the decree of the court in confirming distribution, the decree of the court confirming the master's report of sale, and the decree of the circuit court which approved and confirmed the master's report awarding partition be also considered and determined on this appeal. A freehold is involved. *Ashton* v. *Macqueen*, 361 Ill. 132.

The facts are substantially as follows: Frederick L. Rabe died in 1921 intestate, the owner in fee of eight parcels of real estate. He was survived by his wife, Friedericke, and four children, including defendant Louis F. Rabe. April 26, 1921, all of the children conveyed their interest in all of said real estate to the mother. April 27, 1921, the mother, Friedericke Rabe, executed a quit-claim deed to an undivided one-fourth of said premises to defendant, Louis F. Rabe, which was never recorded, but was in accordance with an escrow agreement delivered to him after his mother's death. Friedericke Rabe died January 3, 1931, leaving a last will and testament in and by which she devised all of the premises remaining, consisting of five parcels, to her three other children. March 29, 1932, the executrix, Magdalene B. Rabe, of this will, recovered a judgment in the circuit court of Cook county against defendant for the sum of $5807.20 and costs, which was revived May 3, 1939, and execution issued thereon.

The complaint in partition alleged that by reason of the will and the deed each of the four children became seized in fee simple of an undivided one-fourth part of the prem-

ises remaining of record in the mother, Friedericke Rabe, at the time of her death, and that the interest of defendant, Louis F. Rabe, was subject to the lien of the above-mentioned judgment. The defendant filed an answer in which he admits the death of the mother, and leaves it to the plaintiffs to establish the property of which she died seized, but alleged the deed made to him became effective immediately upon its execution; and also claimed that there were certain other proceedings pending in the circuit court affecting the property and estate of Friedericke Rabe, referred to by number, and denied that the judgment referred to in the complaint was a lien, and that the plaintiffs were precluded from prosecuting the suit for partition; and says that the rights of the parties cannot be established until such previous suit is disposed of.

The plaintiffs filed a reply denying that the pending proceedings in any way precluded the prosecution of the plaintiffs' suit, or that the rights of the parties could not be properly determined in the partition suit, or that the judgment against the defendant was improperly entered, or that the partition of the premises was involved in the previous pending suit. The cause was thereupon referred to the master in chancery. At the hearing before the master in chancery defendant objected to his proceeding with the hearing for substantially the same reasons set forth in his answer. This motion was overruled. Upon the taking of proof, and upon notice to defendant the interests of the parties were found as alleged in the complaint and a decree of partition recommended. Objections to the master's report were overruled, and upon the filing of the master's report exceptions thereto were overruled, and the decree of partition entered Februay 26, 1942, and commissioners appointed to make partition of the premises. The commissioners filed their report March 9, 1942, finding the property was indivisible, and recommending a sale and appraising the value of each piece and parcel thereof.

March 26, 1942, defendant filed a motion to vacate the decree of partition, which was overruled by the court May 18, 1942. June 9, 1942, a decree of sale was entered and sale made October 7, 1942, and master's report of sale was filed October 14, 1942. This was objected to by defendant, October 23, 1942, and the objections were overruled November 12, 1942, and decree confirming sale entered. In February, 1943, a hearing was had before the master as to the distribution of the proceeds of the sale, and for an accounting between the executrix and the other children. March 9, 1943, the defendant filed objections with the master to his report on the accounting, which were over ruled. March 15, 1943, the objections to the master's report were ordered to stand as exceptions, and March 30, 1943, they were overruled by the court, and the report of the master on distribution and accounting confirmed. April 28, 1943, defendant made a motion to vacate and set aside previous orders and decrees, and to dismiss the partition suit, and June 17, 1943, the motion was overruled, and thereupon defendant took this appeal. The defendant offered no evidence whatever in the proceeding, but to each essential step, as pointed out, filed objections which were overruled by the court.

The death of defendant, Louis F. Rabe, has been suggested and his executrix, Mary Genevieve Rabe, has been substituted as appellant.

It is the contention of the appellant that a previous proceeding supposed to be still pending in the court, the nature and character of which is in doubt, was a bar to the partition suit. The only allegation in the answer refers to the case by a number, and in the affidavit submitted it appears at one time it might have involved a will contest, and later by amendment an accounting. The plaintiffs reply that there is nothing in the previous pending suit to interfere with the partition of the premises. No record of the character of the proceeding, or the names of the parties, or the

issues presented was brought before the trial court. The defendant by his notice of appeal attempted to vacate all of the proceedings and decrees entered in the case prior to the final order approving the master's report of distribution on the accounting.

The decree of partition entered in the cause was a final order. (*Hardin* v. *Wolf*, 318 Ill. 48.) The decree of the court confirming the master's report of sale was a final order. (*Davies* v. *Gibbs*, 174 Ill. 272.) The time in which to take an appeal from both of such decrees had long since passed at the time defendant gave his notice of appeal in the present case. Where a decree of partition definitely settles the interests of the parties and appoints commissioners to make partition it is a final decree, and if any of the parties are dissatisfied with it an appeal should be taken in accordance with the statute, as such decree cannot be questioned upon an appeal from a subsequent decree ordering a sale of the premises. (*White* v. *VanPatten*, 280 Ill. 215, *Lantz* v. *Lantz*, 261 Ill. 194; *Bergman* v. *Rhodes*, 334 Ill. 137.) Under such circumstances, one who does not appeal from a decree finding the interests of the parties, and ordering a partition, is bound by it and concluded by its findings. (*Clawson* v. *Ellis*, 286 Ill. 81.) The same rule is applicable to a decree ordering the sale of the premises, and to the decree of the court confirming the master's sale of the premises.

This leaves for consideration the objections of appellant to the decree entered March 30, 1943, and the motion of April 28, 1943, to vacate prior decrees. The former approved the master's accounting between the parties and the distribution of the proceeds of the sale. The latter seeks to set aside and vacate all prior decrees in the case. No question is raised in the briefs of appellant as to the power and authority of the court to settle the rights of the parties to the funds derived from the sale of the premises in the partition suit. Appellant attempts to question the validity

of the decree of partition, as well as the decree confirming the sale, and to dismiss the partition proceedings. As pointed out, these questions could not then be raised, as defendant was bound by their provisions as final orders, because he did not appeal from them.

The same question of the pendency of the former law-suit is raised in the motion to vacate the decree approving the account. The appellant is also concluded on this question because she is raising the same question of the pendency of the prior suit that defendant raised in the answer to the complaint of the plaintiffs, and to entering decree of partition and sale. When the decree of partition was entered by the court, fixing the rights of the parties, its jurisdiction to proceed was adjudicated and consequently if the defendant was not satisfied with the judgment of the court in this respect he had his opportunity to appeal when it became final on May 18, 1942, more than a year prior to the filing of the notice of appeal in this case.

The remaining questions in the last motion filed by defendant involve the accuracy of the accounting for purposes of distribution and are questions of fact. The evidence was heard before the master and confirmed by the court. Lengthy suggestions are made as to the improper manner in which the accounting was carried out. No evidence was offered by defendant. Under such circumstances the master and trial court are in a better position than we are to determine such questions. We find no merit in the appeal of the defendant either upon questions of law or upon consideration of the facts.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*