Coralie Powell, Appellee, v. Barbara Ann Amestoy and Kathryn Corkill, Appellants.

Gen. No. 9,620.

632

Opinion filed May 26, 1949. Released for publication June 21, 1949.

C. H. Douglas and Alonzo Church, both of Mattoon, for appellants.

Harry I. Hannah, of Mattoon, for appellee; James M. Bumgarner, of McNabb, of counsel.

Mr. Justice Wheat delivered the opinion of the court.

This appeal relates to certain portions of an order for distribution of certain funds received by the master in chancery from the sale of real estate under a decree of sale in a partition suit, and also from an order denying a motion to vacate such order of distribution. The plaintiff in the partition suit, Coralie Powell, is ap-

pellee here, and two of the defendants, Barbara Ann Amestoy and Kathryn Corkill, are the appellants. Harry L. Powell died intestate July 27, 1947, leaving him surviving his widow, Coralie Powell, and his nieces, Barbara Ann Amestoy and Kathryn Corkill, as his sole heirs-at-law. The widow was appointed administratrix and was acting as such during the pendency of the partition proceedings, the estate was not settled, and in so far as the record discloses remains so.

As the regularity of the partition proceedings up to and including the report of sale is not questioned, it is sufficient to say that the master reported receipt of a gross amount of $84,000 and that his report of sale was approved. Following this, the plaintiff filed her petition asking for an order of distribution, which petition set forth a statement of the costs of the master, that the premises were ordered to be sold free of the 1947 taxes in the estimated amount of $450 which were unpaid; that the Illinois inheritance tax was undetermined and unpaid and was estimated to be $4,000; that the Federal estate tax was undetermined and unpaid and was estimated to be $7,500; that the decree of sale provided that the premises be sold free and clear of all mortgage and trust deed incumbrances, the same to be satisfied from the proceeds of sale, and that the premises were incumbered by trust deeds amounting in the aggregate to $14,412.50; that there was due as plaintiff's attorney fees the sum of $4,500; that certain rentals in the sum of $200 should be paid to the administratrix for the benefit of the estate. To this petition the defendants appellants filed a pleading denying that any allowance should be made for plaintiff's attorney fees and objecting to the payment of the $200 rentals to the estate. No objection was made to the request for payment of the other items in plaintiff's petition. Upon hearing the court entered an order substantially ordering the payment of the var-

ious sums set forth in the petition, including the payment to the administratrix of the sum of $450 for payment of the 1947 real estate taxes, the sum of $4,000 for the payment of the estimated Illinois inheritance tax, the sum of $7,500 for the payment of the estimated Federal estate tax, and the sum of $200 as rental received. This order also directed the master to pay $14,412.50 in satisfaction of the incumbrances on the real estate, and allowed the sum of $4,500 for plaintiff's attorney fees. The remainder, after payment of costs, was ordered to be distributed to the plaintiff and the two defendants in accordance with their interests as determined in the decree for partition. Thereafter the two defendants filed their petition to vacate the order of distribution above referred to and as grounds therefor claimed that the personal estate of said decedent was primarily liable for the payment of the incumbrances on the real estate; that the personal assets of the estate comprise the primary fund for the payment of the Illinois inheritance tax, the Federal estate tax, and the 1947 real estate taxes; that no allowance should have been made for plaintiff's attorney fees as the relative interests of plaintiff and the two defendants were adverse; that the $200 should not have been ordered paid to the estate as rentals. It is noted that the order for distribution was entered January 10, 1948, and the petition to vacate filed on January 23, 1948. An order was entered March 12, 1948, dismissing the petition to vacate on motion of plaintiff. In the interim, that is between the date of filing the petition to vacate and the order dismissing the same, the master, on January 31, 1948, filed his report of distribution reporting that he had paid to the administratrix the amounts of $4,000 for Illinois inheritance tax, $450 for 1947 real estate tax, $7,500 for Federal estate tax, and $200 for the so-called rental item; that he had satisfied two incumbrances on the real estate amounting to $11,787.50 (nothing appears as to the disposition of

another incumbrance ordered to be paid in the sum of $2,625); that he paid plaintiff's attorney fees as allowed in the sum of $4,500; miscellaneous costs and expenses as ordered, and then paid the balance to the several parties, to-wit: to plaintiff Coralie Powell, the sum of $25,355.61, to defendant Barbara Ann Amestoy the sum of $12,677.82 and to defendant Kathryn Corkill the sum of $12,677.82. The report purported to show complete distribution of the gross proceeds of the sale, $84,000, but addition of the several amounts shows a total distributed of only $81,375. The difference of $2,625 is exactly the amount ordered paid in satisfaction of one of the incumbrances, indicating perhaps an error in making a copy of the report for the record. In any event, defendants make no point of this and state that all of the incumbrances were in fact paid and the entire $84,000 distributed.

It is first argued that the court erred in ordering the master to pay three incumbrances in the total amount of $14,412.50 from the proceeds of sale, as the personal estate was primarily liable for this payment. The decree of sale was entered December 6, 1947, and provided: "It is further ordered, adjudged and decreed that the said premises shall all be sold free and clear of all mortgage and trust deed encumbrances, said mortgage and trust deed encumbrances to be satisfied from the proceeds of sale pursuant to the order of this court." No appeal was taken from this decree which was a final one, and it became binding on defendants. In the case of *Rabe v. Rabe,* 386 Ill. 600, the following appears: "The decree of partition entered in the cause was a final order. (*Hardin v. Wolf,* 318 Ill. 48.) The decree of the court confirming the Master's report of sale was a final order. (*Davies v. Gibbs,* 174 Ill. 272.) The time in which to take an appeal from both of such decrees had long since passed at the time defendant gave his notice of appeal in the present case. Where a decree of partition definitely settles the inter-

est of the parties and appoints commissioners to make partition it is a final decree, and if any of the parties are dissatisfied with it an appeal should be taken in accordance with the statute, as such decree cannot be questioned upon an appeal from a subsequent decree ordering a sale of the premises. . . . Under such circumstances, one who does not appeal from a decree finding the interests of the parties, and ordering a partition, is bound by it and concluded by its findings. . . . The same rule is applicable to a decree ordering a sale of the premises, and to the decree of the court confirming the Master's sale of the premises.''

It is next urged that the court erred in ordering the master to make payment to the administratrix of the estate a sum sufficient to satisfy the 1947 real estate taxes. The decree of sale provided for this and as no appeal was taken, this became binding of defendants as heretofore set forth. It is argued that the court should not have directed payment to the administratrix of the estate the sums for payment of the Illinois inheritance tax and the Federal estate tax. By accepting their final distributive shares from the master, the defendants are now estopped from questioning this. One who has accepted the benefits accorded him under a decree is estopped to seek its reversal. His acceptance of the benefits operates as an estoppel and release of errors. (*Scott v. Scott,* 304 Ill. 267.) However, it does not appear that defendants will necessarily be prejudiced by this part of the order. The estate appears to be unsettled. The proceeds from the sale remain impressed with the character of real estate (*Gradler v. Johnson,* 372 Ill. 137), and it must be assumed that the county court in the administration of the estate will follow the law. As to the item of $200 ordered paid to the administratrix as rental, no error is found in this determination and order. As to the allowance of $4,500 for plaintiff's attorney fees it is not claimed that the amount is excessive or unrea-

sonable, only that no part of it should be paid from defendants' share as their interests were adverse to that of plaintiff. The complaint correctly showed the interests of the parties and the record discloses complete harmony between the parties and an entire lack of friction, until after the order of distribution. It was not error to allow such fees from the proceeds of sale. The judgment of the circuit court is affirmed.

A motion by plaintiff to dismiss this appeal on the ground of estoppel was ordered taken with the case. As this subject has been discussed on the merits in this opinion, the motion will be denied for the technical purpose of clearing the record.

*Affirmed.*