(No. 32535.—

JOHN SCHUCK *et al.,* Appellants, *vs.* MARY SCHUCK, Appellee.

*Opinion filed November 20, 1952.*

WILLARD E. CAIN, M. F. ABRAHAMSON, and L. L. RECHENMACHER, all of Wheaton, for appellants.

HADLEY & LEREN, (PALMER LEREN, of counsel,) both of Wheaton, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

This cause, which involves an appeal from a decree of the circuit court of Du Page County dismissing a complaint in partition, was transferred here on order of the Appellate Court for the Second District. Where an appeal in a partition suit involves the question of some of the parties' title or the right to partition, it is properly taken directly to this court. (*Hasterlik* v. *Hasterlik,* 316 Ill. 72.) The question of title is at issue here.

The facts are not in dispute and disclose that on October 4, 1948, a complaint was filed on behalf of John Schuck, a mental incompetent, naming as defendant his former wife, Mary Schuck, and praying partition of real estate they owned as joint tenants. Defendant's answer admitted the ownership, but denied that plaintiff was en-

titled to partition. Upon the pleadings, the court, on February 18, 1949, entered a decree which found that the parties were owners of the realty as joint tenants, ordered and decreed that each was entitled to an undivided one-half of the premises and ordered partition. No appeal was taken from this decree, which has been held to be a final one by many decisions of this court. (*Rabe* v. *Rabe,* 386 Ill. 600; *White* v. *Van Patten,* 280 Ill. 215; *Lantz* v. *Lantz,* 261 Ill. 194.) Commissioners were appointed and the cause was referred to a special master for the purpose of stating an account. On April 22, 1949, a decree of sale was entered approving the commissioners' report and ordering the premises sold. Again, no appeal was taken from this decree. The special master filed a report of sale on December 23, 1949, reciting that the premises had been sold for $3200; that he had received $500 at the sale and that the purchaser would be entitled to a deed upon payment of the balance of the purchase price and approval of the report of sale. However, John Schuck, to whom we shall refer as plaintiff, died on December 25, 1949, before further proceedings were accomplished.

Defendant, Mary Schuck, having obtained leave of court, then filed a supplemental counterclaim on February 17, 1950, naming as counterdefendants the conservator, heirs-at-law, and next of kin of the decedent. It alleged the facts recited above, concluded that the joint tenancy had not been severed by reason of the partition proceedings and that upon the death of John Schuck, she became the fee-simple owner of the premises as surviving joint tenant. The prayer asks that the court disapprove the report of sale, dismiss the complaint for partition and quiet title in Mary Schuck. The counterdefendants answered, alleging that the joint tenancy had been severed by the decree of partition, that Mary Schuck and counterdefendants are the owners of an undivided one-half interest each in the premises, and that the decrees of partition and

sale were final and binding on all parties when no appeal was taken.

On November 30, 1951, the circuit court entered a decree which disapproved the master's report of sale, ordered the $500 returned to the purchaser, dismissed the complaint for partition, and declared Mary Schuck to be the owner of the realty as surviving joint tenant. Plaintiff's petition for attorneys' fees was also denied. The counter-defendants prosecute this appeal.

The decisive issue is whether the decree of partition operated to sever the joint tenancy. The counterdefendants, hereinafter referred to as appellants, contend that the decree had such effect, while defendant-appellee, Mary Schuck, appears to contend that the severance could not occur until the orders necessary to carry the decree into effect were entered and complied with, and an actual conveyance made.

Generally speaking, the object of partition proceedings is to enable those who own property as joint tenants, co-parceners or tenants in common to sever their interests so as to vest in each a sole estate in specific property or an allotment of the lands and tenements. (*Gradler* v. *Johnson,* 372 Ill. 137; Thompson on Real Property (Perm. ed.) sec. 1979.) In construing the effect of a decree or judgment in partition, this court has said on numerous occasions that it has no other effect than to sever the unity of possession and does not vest in either of the cotenants a new or different title. After partition each party has precisely the same title which he had before, but that which was a joint possession before is turned into a several one. (*Brady* v. *Paine,* 391 Ill. 596; *Gradler* v. *Johnson,* 372 Ill. 137; *Cole* v. *Cole,* 292 Ill. 154; *Cochran* v. *Cochran,* 277 Ill. 244.) To demonstrate the effect of a decree of partition, we point to *Cole* v. *Cole,* 292 Ill. 154, and *Davis* v. *Lang,* 153 Ill. 175, which hold that where a husband's cotenancy is, by either voluntary or involuntary partition,

turned into an estate in severalty in a part, only, of the land, the wife is remitted to her inchoate right of dower in the land which her husband takes in severalty by such partition. The same rule applies to mortgagees and creditors of cotenants. The effect of a partition is to substitute for an undivided interest in the whole land the portion set off to the debtor in severalty. *Brady* v. *Paine,* 391 Ill. 596; *Rochester Loan and Banking Co.* v. *Morse,* 181 Ill. 64.

The essential elements of a joint tenancy, such as experienced by the parties here, are stated in *Kane* v. *Johnson,* 397 Ill. 112, to be: "unity of interest, unit of title, unity of time and unity of possession. To meet these requirements the several tenants must have one and the same interest accruing by one and the same conveyance, commencing at the same time and held by one and the same undivided possession." It is axiomatic that a joint tenancy will be destroyed by the destruction of any one of its necessary unities. (*Tindall* v. *Yeats,* 392 Ill. 502; *Van Antwerp* v. *Horan,* 390 Ill. 449.) *A fortiori,* therefore, a decree of partition which severs the unity of possession between joint tenants and reduces their joint possession into a several one, operates as a severance or destruction of the joint tenancy.

While the decree of partition may be interlocutory as to the mode of partition, it is final as determining the interests of the parties and their right to partition, and sale and division may be made thereunder even in the event of the plaintiff's death subsequent to the judgment but before sale and confirmation thereof. (Thompson on Real Property (Perm. ed.), sec. 1979.) That a decree of partition, as distinguished from the subsequent decree ordering and confirming sale, is a final decree, has found frequent expression in this court. As stated in *Rabe* v. *Rabe,* 386 Ill. 600, where a decree of partition definitely settles the interests of the parties and appoints commissioners to make partition, it is a final decree and one who

does not appeal from such decree is bound by it and concluded by its findings. (See, also, *Hardin* v. *Wolf,* 318 Ill. 48; *Clawson* v. *Ellis,* 286 Ill. 81.) The same rule is applicable to a decree ordering the sale of premises and to a decree confirming the master's sale. *Rabe* v. *Rabe,* 386 Ill. 600.

A view consonant with that of this court, and of the leading authorities, was expressed in *Zalewski* v. *Zalewski,* 118 Misc. Rep. 346, 194 N.Y.S. 324, where the court had under consideration the effect of the death of the plaintiff in a partition proceeding subsequent to the judgment in partition but before steps had been taken to sell the premises. In discussing the problem the court said: "Interlocutory judgment in partition is to all intents and purposes a final judgment. It cannot be made otherwise than a final judgment by merely calling it something else. It declares the right, share, or interest of each party in the property, and directs a sale. The title given to the purchaser is good as against anyone claiming from or under the parties to the action and their representatives, by title accruing after the filing of the *lis pendens;* or, in any event, after entry of interlocutory judgment. All subsequent procedure is in accordance with the terms of the interlocutory judgment and of the statute. At no time is the plaintiff called upon to take any further procedural step. The sale is conducted by a referee, upon whose shoulders is also placed the duty of publishing the notice of sale. Any party whose interest in the property has been adjudicated by the interlocutory judgment may move for confirmation of sale and for the so-called final judgment, although the latter is, in its true intent and meaning, an order supplemental to judgment, made for the purpose of confirming the procedure, and which carries the provisions of the latter into effect. In addition to confirmation, the interlocutory judgment directs the execution of the conveyance and the application of the proceeds of the sale. But these proceeds are required to

be awarded to the same parties whose rights have been sold, in proportion thereto; in other words, in accordance with the rights of the parties as determined by the interlocutory judgment. If a party in interest dies following interlocutory judgment, the share of such party may be claimed by his or her personal representatives, even though the final judgment may have been entered without knowledge of the death of such party, and without substitution. The land title is not invalidated, nor is any of the intermediate procedure disturbed thereby." Other decisions discussed in the *Zalewski case* further support the view that a judgment or decree of partition, though interlocutory as to the manner of carrying out the partition, is final in fixing the interests of the parties and binding when not appealed from.

From the authorities discussed, we conclude that the decree of partition entered in this cause operated to sever the unity of possession existing in John and Mary Schuck and in its stead created a possession in severalty, thus destroying one of the essential elements incident to a joint tenancy and the joint tenancy itself. The decree was final and was not appealed from, therefore it is binding on the parties. The same is true of the decretal order which directed the premises to be sold. It was error for the court to dismiss the complaint for partition and to hold for naught the proceedings under it.

With this disposition of the case, the question of the propriety of the trial court's refusal to allow fees for plaintiff's attorneys now becomes moot. The decree of the circuit court of Du Page County, entered upon the supplemental counterclaim of Mary Schuck, is reversed in all respects and the cause is remanded for further proceedings consistent with this opinion.

*Reversed and remanded, with directions.*