NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 251098-U

NO. 4-25-1098

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 2, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| JERRY BOLLIN, Individually and as Cotrustee and Beneficiary of the Arden L. Bollin Trust, Plaintiff-Appellee, v. NANCY COREY, Individually and as Beneficiary of the Arden L. Bollin Trust, JUDY GOOD, Individually and as Cotrustee and Beneficiary of the Arden L. Bollin Trust, LOREN BOLLIN, KENDALL BOLLIN, CLAYTON BOLLIN, UNKNOWN OWNERS, UNKNOWN CLAIMANTS, AND UNKNOWN PARTIES, Defendants (Nancy Corey, Defendant-Appellant; Judy Good, Defendant-Appellee). | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Hancock County No. 22CH1 Honorable James Standard, Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Grischow and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Because defendant-appellant failed to meet her burden of establishing the appellate court's jurisdiction, the appellate court dismissed her appeal.

¶ 2    On March 14, 2025, the trial court entered an order pursuant to section 17-105 of the Partition Act (735 ILCS 5/17-105 (West 2024)). On April 14, 2025, defendant-appellant Nancy Corey, individually and as a beneficiary of the Arden L. Bollin Trust, filed a motion to reconsider, asking the court to vacate its order or, in the alternative, stay the case pending appeal and enter an Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) finding. On September 9, 2025, the court

denied Corey's motion to reconsider and her request for a stay. In addition, the court did not provide Corey with a Rule 304(a) finding. Corey appeals, arguing the court erred (1) because it did not follow the law when it entered a judgment of partition and appointed a commissioner, (2) as matter of law by having an evidentiary hearing on the commissioner's report, and (3) by approving and adopting the commissioner's report and ordering the property at issue sold. We dismiss this appeal because Corey failed to meet her burden of establishing this court's jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4        On January 6, 2022, plaintiff-appellee Jerry Bollin, individually and as cotrustee and beneficiary of the Arden L. Bollin Trust, filed a complaint for partition pursuant to section 17-101 of the Partition Act (735 ILCS 5/17-101 (West 2022)). The partition action involved six tracts of land.

¶ 5        On February 2, 2022, defendant-appellee Judy Good filed an answer to the complaint and a countercomplaint. On February 23, 2022, Corey filed her answer to Jerry's complaint and a six-count counterclaim. On March 16, 2022, Corey filed an answer to Good's countercomplaint. On April 21, 2022, Good filed a motion to strike count IV of Corey's counterclaim. On July 22, 2022, Corey filed an amended version of count IV of her counterclaim, which was directed at Good.

¶ 6        On August 17, 2022, Good filed a section 2-619 motion to dismiss the amended count IV of Corey's counterclaim (735 ILCS 5/2-619 (West 2022)). She also filed a motion for sanctions against Corey. On October 18, 2022, Jerry filed a motion to dismiss counts I, II, III, and VI of Corey's counterclaims against him under both sections 2-615 and 2-619 of the Code of Civil Procedure (735 ILCS 5/2-615, 619 (West 2022)). According to Jerry's motion, those counts should have been dismissed because they did not affirmatively allege ultimate facts that would have

constituted a claim in opposition to his partition action. Jerry also argued the first three counts of Corey's counterclaim were barred by *res judicata* and an agreed order entered in Henry County case No. 19-P-96, on January 14, 2020.

¶ 7    On October 26, 2022, the trial court dismissed count IV of Corey's counterclaim, which was directed at Good, without prejudice. On December 5, 2022, Corey filed a response to Jerry's motion to dismiss, asking that the motion be denied.

¶ 8    We note that on July 27, 2023, Corey filed a motion to reconsider or for clarification of an order entered on July 13, 2023, which referenced a hearing on February 23, 2023. However, neither an order dated July 13, 2023, nor a transcript from a hearing on February 23, 2023, is contained in the record before this court.

¶ 9    On August 24, 2023, Corey filed an amended counterclaim. Corey indicated she was realleging counts I, II, III, IV, and VI—adding additional years of rent and other allegations to preserve for review the trial court's prior dismissal of these counts. Corey indicated count V of the amended counterclaim was aimed at parties who had not appeared in the case. Further, Corey indicated she was adding new counts to the counterclaim as well—counts VII, VIII, and IX.

¶ 10    On September 7, 2023, Jerry filed a second motion to dismiss Corey's counterclaims and a second motion for sanctions against Corey and her attorneys. Jerry argued counts I, II, III, V, VI, VII, VIII, and IX were substantially insufficient in law because the counts did not present a claim in opposition to his partition claims and could not be pled as an alternative cause of action. In addition, once again, Jerry argued counts I, II, III, V, VI, VII, VIII, and IX of Corey's counterclaim were barred by *res judicata* and the January 14, 2020, agreed order in case No. 19-P-96.

¶ 11    On September 8, 2023, Good filed a second motion to dismiss Corey's amended

counterclaim and a second motion for sanctions.

¶ 12      On September 22, 2023, Corey filed a response to the motions to dismiss her amended counterclaim.

¶ 13      On November 14, 2023, Good filed a motion asking the trial court to appoint a special commissioner.

¶ 14      On December 5, 2023, Corey filed a response to the motion to request a special commissioner, asserting the trial court had to "wait until the initial phase of the case concludes, concerning the rights of any interested parties," before a commissioner could be appointed.

¶ 15      At a hearing on December 14, 2023, the trial court stated it was granting both motions to dismiss on *res judicata* grounds. However, the court later specified "the claims prior to January 14, 2020, [were] barred with prejudice," thereby suggesting the claims related to what happened after January 14, 2020, could be amended and refiled. The court denied the request for sanctions against Corey and her attorneys. Turning to the motion to appoint a special commissioner, the court indicated it was going to enter the order that had been submitted, which stated:

> "All parties who have filed an appearance in this action through their attorneys have agreed to the appointment of a special commissioner in the above-entitled action.
>
> Jarad Royer of Compeer Financial is appointed commissioner and directed to examine the premises, make a finding of whether or not the land is subject to physical division without manifest prejudice to the rights of the parties, if so, report how the division can be made, employ a surveyor as necessary to carry out or assist in the division of the property, or in the alternative, report to this Court that physical

- 4 -

division is not feasible.

> The parties further agree that pursuant to the statute the fees and expenses of the commissioner and surveyors the commissioner may employ shall be taxed as costs in the proceeding."

¶ 16 On August 22, 2024, Corey filed objections to the commissioner's report.

¶ 17 At a hearing on March 4, 2025, the trial court asked if anyone had any comment on the effect of the December 14, 2023, order. Corey's attorney responded Corey's objection to the commissioner's report and a motion for joinder were pending. The attorney also indicated Corey did not want the property sold. With regard to the order entered on December 14, 2023, Corey's attorney indicated Corey had objected to the appointment of a commissioner, counsel's signature was not on the order, and counsel did not know how the court came to the conclusion Corey agreed to everything in the order. According to Corey's attorney, at most, he and Corey indicated they were okay with the individual the court had chosen to be the commissioner.

¶ 18 Jarad Royer, who prepared the commissioner's report, then testified. According to Royer, the total appraised value for all the properties was $5.169 million. After determining the total value, he examined whether the property could be divided into three equal portions. He opined the property could not be equitably and physically divided. After listening to Royer's testimony, the trial court determined the testimony established the commissioner's report should be accepted.

¶ 19 On either March 14 or 16, 2025, the trial court entered a judgment order pursuant to section 17-105 of the Partition Act (735 ILCS 5/17-105 (West 2024)). The court found:

> "(a) the rights, titles and interest of all the parties in the action are as follows: the subject property is titled with an undivided 1/2 vested interest in Jerry Bollin, Judy Good, and Nancy Corey and an undivided 1/2 vested interest [in] the Arden

Bollin Trust with the beneficiaries of that Trust being Jerry Bollin, Judy Good and Nancy Corey in equal shares. Loren Bollin, Kendall Bollin, Clayton Bollin and Logan Bollin are all tenants on the subject property;

(b) the subject property or any part thereof cannot be divided or partitioned among the parties without manifest prejudice to the parties in interest;

(c) While the subject property may qualify to be partitioned under the Uniform Partition of Heirs Property Act (735 ILCS 75/1), Jerry Bollin, Judy Good, and Nancy Corey agreed and affirmed that they elected to proceed under the Partition Act (735 ILCS 5/17-105) rather than under the Uniform Partition of Heirs Property Act (755 ILCS 75/1)[ ](See this Court's Order of March 7, 2025[)];

(d) the subject property, not being susceptible to division should be sold at public sale in such manner and upon such terms and notice of sale as the Court directs;

(e) the Court having found that the subject property should be sold, finds the value of the property to be five million one hundred sixty nine thousand dollars ($5,169,000.00)."

The court then ordered the subject property to be sold and indicated no sale would be approved for less than two-thirds of the total valuation of the subject property.

¶ 20    On April 14, 2025, Corey filed a motion to reconsider and vacate the trial court's order. Assuming, *arguendo*, the court denied her motion to reconsider, Corey asked the court to enter a Rule 304(a) finding allowing for an immediate appeal. Corey noted our supreme court's opinion in *Schuck v. Schuck*, 413 Ill. 390 (1952), could support the immediate appealability of the trial court's ruling as a final and appealable order. However, Corey's motion then stated:

"20. The next aspect of this Motion involves what occurs if the motion to reconsider itself is denied. Can Corey appeal without a Rule 304(a) certification that there is no just cause or reason to delay enforcement of or appeal from the March 14, 2025[,] order. [*Schuck*] was a partition case. The court entered a decree declaring the rights of the plaintiff and the defendant to equal one-half undivided interests and ordered partition. No appeal was taken. Then the order was issued to sell the property. Again, no appeal was filed. When the Supreme Court ruled, it held the initial orders were final and appealable. The losing party could not wait to only appeal from the order confirming the sale. Standing alone, this would seem to mean Corey can and in fact must appeal the latest orders. But it is not that simple, for two reasons.

21. Under Rule 304 (a), even final and appealable orders are not appealable if there has been no final determination of all claims involving all parties. Corey's amended counterclaims were dismissed but without prejudice. The argument made by [Jerry] was that they needed to be addressed only upon a wrap-up of the entire case. And this Court has noted that an accounting still needs to be performed and shared in this case with a to be set time period for any objections to be filed and resolved by the Court. It clearly appears that the recent orders, which may be otherwise considered appealable if there were no other claims left in the case, are not appealable without the required Rule 304 (a) verbiage.

22. In addition, Corey wonders about the continued vitality of *Schruck* [*sic*] in light of more recent precedent in the somewhat similar context of mortgage foreclosures. In such cases, the overall procedure is somewhat similar. The plaintiff

gets a judgment of foreclosure and order for sale. Ultimately, any sale is confirmed by the court in a subsequent order. Which of these orders is appealable at all and how does Rule 304 (a) enter the equation?

23. A judgment of foreclosure entered before confirmation of the sale is not final and appealable without Rule 304 (a) certification. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419; *In re Marriage of Verdung*, 126 Ill. 2d 542 (1989). Therefore, the lack of Rule 304 (a) certification language made the judgment of foreclosure there not final or appealable. Under the Rule, it remained modifiable and could not be appealed. The appeal had to await an order confirming the sale or include the [Rule] 304 (a) wording.

24. There may be a distinction between foreclosures and partitions, but Corey does not want to take the chance that any emergent appeal she would take now is subject to the Appellate Court determining it lacks jurisdiction. The simple answer is to certify the orders for immediate appeal under Rule 304 (a). The rule says such language can be part of any order denying a motion to reconsider the previous order or be by separate order."

Corey also asked for a stay of the judgment pending her appeal.

¶ 21    On May 5, 2025, Jerry and Good filed a joint motion for a court-ordered judicial settlement conference. At a hearing on May 21, 2025, the trial court granted the request for a settlement conference and directed the parties to participate. The settlement conference was held, but the parties did not reach an agreement.

¶ 22    On July 3, 2025, Good filed a response to Corey's motion to reconsider and vacate, asking the trial court to deny Corey's motion. Good argued the court committed no error in entering

the judgment of partition and ordering the sale of the property. Further, Good asked the court not to enter a Rule 304(a) finding and not to stay the court's judgment.

¶ 23    On September 9, 2025, the trial court entered the following order: "After due consideration by the Court, the motion of Nancy Corey to reconsider and vacate, or in the alternative for stay, is hereby denied." The court's order did not include a Rule 304(a) finding.

¶ 24    Thereafter, on October 9, 2025, Corey filed this appeal.

¶ 25                                    II. ANALYSIS

¶ 26    Before addressing any of the substantive issues Corey raises on appeal, this court must first consider whether she has established that we have jurisdiction. Jerry and Good argue this appeal should be dismissed because this court lacks jurisdiction.

¶ 27    In *Shared Imaging, LLC v. Hamer*, 2017 IL App (1st) 152817, ¶ 19, the First District stated appellants have the burden of establishing appellate jurisdiction. We agree.

¶ 28    In a case being appealed to the appellate court, pursuant to the requirements found in Illinois Supreme Court Rule 341(h)(4)(ii) (eff. Oct. 1, 2020), an appellant is required to include a statement of jurisdiction in her appellant's brief, comprised of

> "a brief, but precise statement or explanation under the heading 'Jurisdiction' of the basis for appeal including the supreme court rule or other law which confers jurisdiction upon the reviewing court; the facts of the case which bring it within this rule or other law; and the date that the order being appealed was entered and any other facts which are necessary to demonstrate that the appeal is timely. In appeals from a judgment as to all the claims and all the parties, the statement shall demonstrate the disposition of all claims and all parties. All facts recited in this statement shall be supported by page references to the record on appeal."

¶ 29 In Corey's appellant's brief, her jurisdictional statement indicated the trial court "had previously entered interlocutory rulings directing the appointment of a commissioner and setting an evidentiary hearing" to determine whether to approve the commissioner's report. Then, on March 14, 2025, the court "entered a judgment of partition, approved the commissioner's report, and ordered the property sold." On April 14, 2025, Corey filed a motion to reconsider, which the court denied on September 9, 2025. On October 9, 2025, she filed her notice of appeal. According to Corey, "The appeal is brought pursuant to [Illinois] Supreme Court Rule 301 [(eff. Feb. 1, 1994)] and [*Schuck*], which held that a party cannot wait for the order confirming the sale to appeal from the order approving the commissioner's report and directing the sale of the property."

¶ 30 In her reply brief, when responding to Good and Jerry's argument this court lacks jurisdiction, Corey fell back on our supreme court's decision in *Schuck*, which she argued established the trial court's orders constituted final judgments, but she provided no further argument as to why this court has jurisdiction.

¶ 31 Regardless of whether the order or orders Corey is challenging are final judgments, Rule 304(a) does not allow the appellate court to immediately review all orders that constitute final judgments. According to Rule 304(a):

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016).

Good and Jerry argue outstanding claims are still at issue in the trial court in this case. Therefore,

according to them, this court does not have jurisdiction.

¶ 32 In her briefs to this court, Corey fails to address Rule 304(a)'s impact on this court's jurisdiction. Instead, she simply points to our supreme court's decision in *Schuck*.

¶ 33 This is not a situation where Good and Jerry surprised Corey with their jurisdictional challenge. In the trial court, Corey was clearly aware this court might not have jurisdiction over this appeal if the trial court did not issue a Rule 304(a) finding. In her motion to reconsider, Corey recognized her reliance on *Schuck* as establishing this court's jurisdiction was questionable because of Rule 304(a). According to her motion:

> "Under Rule 304 (a), even final and appealable orders are not appealable if there
> has been no final determination of all claims involving all parties. Corey's amended
> counterclaims were dismissed but without prejudice. The argument made by [Jerry]
> was that they needed to be addressed only upon a wrap-up of the entire case. And
> this Court has noted that an accounting still needs to be performed and shared in
> this case with a to be set time period for any objections to be filed and resolved by
> the Court. It clearly appears that the recent orders, which may be otherwise
> considered appealable if there were no other claims left in the case, are not
> appealable without the required Rule 304 (a) verbiage."

In addition, Corey questioned "the continued vitality of *Schruck* [*sic*] in light of more recent precedent in the somewhat similar context of mortgage foreclosures."

¶ 34 However, even though Corey clearly believed this court's jurisdiction was questionable without a Rule 304(a) finding, she failed to provide this court with any kind of sound argument why this court has jurisdiction over this appeal. Instead, she simply relied on jurisdictional arguments that she argued were questionable in the trial court without providing this

court any explanation for the change in her position. If a basis for this court's jurisdiction exists, Corey failed to provide that basis to this court. As a result, she failed to meet her burden of establishing our jurisdiction, and we dismiss her appeal.

¶ 35                                    III. CONCLUSION

¶ 36            For the reasons stated, we dismiss Corey's appeal because she failed to meet her burden of establishing this court's jurisdiction over this appeal.

¶ 37            Appeal dismissed.